Miller, J.
1.JumciAx. of levy andce sale-The only error assigned is the ruling of ^ circuit court, sustaining appellee’s motion to set aside the sheriff’s sale and deed. The facts as disclosed by the record are:
1. The appellees, Thomas A. Maddox and his wife, at the time of the issuance of the execution, levy and sale, resided in Pollc county.
2. The land levied on and sold is situated in Boone county.
3. Thos. A. Maddox was the owner of the land levied on, upon which he had erected a saw-mill which he had been operating up to within four or five weeks of the levy, manufacturing the timber on the premises into lumber; at the time of the levy, however, the mill, for some temporary reason, was not running. There were a number of lumbermen and choppers, employees of defendant, residing and working on the land at the time of the levy, one of whom had the general management of defendant’s business connected with the mill, etc.
4. Neither the defendant, nor his wife, nor his foreman on the premises were served with written notice of the levy and sale of the land, as contemplated by section 3318 *233 of the Revision in cases where a defendant in execution is in the actual occupation and possession of the land levied on.
5. The execution was a special one issued upon a judgment and decree of foreclosure of a mortgage against the land levied on and sold.
Upon these facts the court below held that the defendant, Thomas A. Maddox, was entitled to the notice prescribed in the section of the Revision above named. Was there error in this ruling ? The provisions of the section refer red to are: “ If the defendant is in the actual occupation and possession of any part of the land levied on, the officer having the execution shall, at least twenty days previous to such sale, serve the defendant with written notice, stating that the execution is levied on said land, and mentioning the time and place of sale; and sales made without the notice required in this section may be set aside on motion made at the same or the next term thereafter.”
z. — actual ocpossession. There are two kinds of possession of real property known to the law — actual and constructive. It is actual when in the immediate occupancy of the party. It is actual where the owner goes upon the land to take possession, and exercises acts of ownership over it. It is actual also where one having the title is in possession of lands by his tenant, agent or stewart. 2 Bouv. Law Dic. 352, title “ Possession;” Langworthy v. Myers et al., 4 Iowa, 21, 39, 40; Wall v. Nelson, 3 Litt. 398; Humphrey v. Jones, 3 Mon. 261; Bell v. Longworth, 6 Ind. 274; Speed v. Buford, 3 Bibb., 75.
Constructive possession is where one claims to hold by virtue of some title, without having the actual occupancy, as when the owner of a tract of land, regularly laid out, is in possession of a part, he is constructively in possession of the whole. 2. Bouv. Law Die. 352, title “ Possession.” Under our statute, “ all persons owning lands not held by an adverse possession shall be deemed to be seized and possessed of the same.” Rev., § 2207.
*234 Of what kind, then, was the possession of the appellee, actual or constructive % His ownership is conceded. He, had actually entered upon the land, erected a saw-mill thereon, was carrying on the business of manufacturing the timber thereon into lumber and fire-wood, some of his employees residing on the land, and he was exercising acts of ownership generally over the premises.
Previous to his actual entry for these purposes, being the owner, he had constructive possession only, but after such entry, etc., his possession became actual. It became such because of his entry for the purpose of taking actual possession, and because he continued to exercise acts of ownership thereon, and employing and keeping persons residing upon the premises actually engaged in the business which he was there prosecuting. True, he did not himself reside thereon or make that his home, but a man may have actual possession of real property without residing upon it. He may have such possession, although there be no house thereon in which to reside. Langworthy v. Myers, 4 Iowa, 21; Roberts v. Long, 12 B. Mon. 195; Campbell v. Thomas, id. 83; Humphrey v. Jones, supra.
In the case of Langworthy v. Myers, supra, the plaintiff did not reside upon the premises, nor on land contiguous thereto, and this court held that his entry and taking possession, and exercising acts of ownership from time to time, constituted “ actual possession.'''’
In order, however, to entitle the appellee to written notice of the levy and sale as contemplated by the statute, he must have been in the “ actual occupation ” as well as “actual possession” of the premises. Rev. of 1860, § 3318.
By the term “occupation” is meant, use or tenure" &s a house in the occupation of A. 2 Bouv. Law Die. 254.
An occupier is one who is in the use or enjoyment of a thing. Ibid.
A mechanic is in the occupation of his shop where he carries on his business; a merchant of his store; a lawyer *235 of his office; a farmer of his farm. It is not necessary to make his occupation complete that the mechanic should reside in his shop or upon the same lot. He is in the occupation because he uses and enjoys it in carrying on his legitimate calling. So with the merchant, the lawyer, the farmer.
If the farmer leases his farm to a tenant, he would still have the possession, because the possession of the tenant is that of his landlord, but he would not be in the actual occupation; he has parted with that to his tenant. The tenant,-after entry under the lease, has the use and enjoyment of the premises, and pays to his landlord the stipulated rent therefor. But, where the owner of land is in the actual use and enjoyment of it himself, although in such use and enjoyment he employs others to perform all the labor connected therewith, he is in its actual occupation, within the meaning of that term.
In the case before us the appellee owned the land; he used and enjoyed it in a legitimate way for his own benefit ; he was prosecuting a regular business thereon; he was in its “ actual occupation and possession.”
4. — sale under special execution. It is insisted, however, on the part of appellant, that notwithstanding defendant was in “ actual occupation and possession,” vet this sale, having been made n . 7 ,. °. under a special, execution m conformity to a decree of foreclosure of a mortgage, the sale was in obedience to the order of the court; the officer and defendant had nothing left but obedience thereto, and that the defendant could not have been benefited by the notice in question.
This precise question was made and decided in the case of Jenssn v. Woodbury, 16 Iowa, 516. It was there held that the provisions of section 3318 of the Revision were applicable to all sales on execution, including sales on special executions, in the foreclosure of mortgages.
With that decision, and the reasons given in support of it, we are satisfied.
The judgment of the circuit court is
Affirmed.