KELLOGG v. GROVES ET AL.

53 395<br>97 521

1. **Landlord and Tenant:** LEASE: NOTICE TO QUIT. At the expiration of the term of a lease the tenancy ceases, and a lessee holding over, unless after the termination of the lease he has been allowed by the landlord to plant a crop, is entitled to only the three days notice to quit provided for by section 3611 of the Code.

*Appeal from Story Circuit Court.*

WEDNESDAY, APRIL 21.

*J. S. Frazier* and *J. L. Dana*, for appellants.

*L. Irwin*, for appellee.

ROTHROCK, J.—The plaintiff, being the owner of a farm of 120 acres, leased the same to defendants by a written lease, which terminated on the 1st day of December, 1878. Defendants did not quit the possession of the farm on the termination of the lease, but held over, and on the 3d day of January, 1879, plaintiff served a notice on them to surrender the possession in three days. Having failed to comply with said notice the plaintiff commenced his action for possession on the 20th day of the same month. Judgment was rendered for the plaintiff, and defendants appeal.

1. LANDLORD and tenant: lease; notice to quit.

The contention of appellants is that by holding over they became tenants at will, and were entitled to thirty days notice

to quit. Section 2014 of the Code provides that any person in the possession of real property, with the assent of the owner, is presumed to be a tenant at will until the contrary is shown; and under section 2015 thirty days notice in writing is necessary to be given to terminate a tenancy at will. But the same section provides that where an express agreement is made the tenancy shall cease at the time agreed upon, without notice. By the terms of the written lease the defendants' tenancy was to cease on December 1, 1878; after that time there was no tenancy, at will or otherwise. The defendants were lessees holding over, and entitled to the three days notice to quit, as provided in Code, § 3611. *Grosvener v. Henry*, 27 Iowa, 269.

What the rights of defendants would have been, if plaintiff had permitted them to remain without notice to quit until they had made preparations for planting crops, we need not determine, as no such case is presented in the record.

