JOHNSON v. SHANK.

67 115
97 521
98 12

67 115
132 93

1. **Landlord and Tenant**: FIELD-CROPPER: SHARE OF CROPS FOR RENT: FAILURE TO DELIVER: MONEY JUDGMENT: DEMAND NECESSARY. In March, 1882, plaintiff leased to defendant, as a "field-tenant or cropper," certain land to be planted to corn, he to have delivered to him as rent one-third of the corn raised. No time was fixed when the lease should terminate, nor when the corn should be delivered. On the fourth day of the following December, plaintiff sued defendant for a money judgment on account of corn not delivered, without having made any previous demand for the corn. *Held* that, although the lease terminated by operation of law (Code, § 2015) on the first day of Decem-

ber, that provision of law did not amount to an agreement between the parties that the corn should then be delivered; and, in the absence of a stipulation on that point, plaintiff could not recover a money judgment without first having demanded the corn.   Code, § 2097.

2. **Practice in Supreme Court:** COSTS OF UNNECESSARY ABSTRACT. Where the record was fully and fairly presented by appellant's abstract, the costs made in preparing a useless amendment thereto by the appellee were taxed to him, though the judgment in his favor was affirmed.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, OCTOBER 7.

ACTION AT LAW FOR THE RECOVERY OF RENT.   There was a verdict and judgment for the defendant.   Plaintiff appeals.

*Lyman Porter* and *Charles S. Fogg,* for appellant.

*E. W. Weeks,* for appellee.

REED, J.—The evidence introduced by plaintiff on the trial proves the following facts:   In March, 1882, plaintiff leased fifty acres of ground to defendant, which the latter agreed to cultivate in corn during the season of that year. He also agreed to pay, as rent for the land, one-third of the crop which he should raise thereon.   The contract was in parol, and there was no express agreement as to the time when it should terminate, or when the rent should be paid. Defendant raised a crop of corn on the land, but had not finished gathering it when this suit was instituted, which was December 4, 1882.   He had delivered a portion of the rent-corn, but plaintiff was entitled to about 500 bushels in addition to the amount so delivered.   Defendant did not live on the premises, but was a "field-tenant or cropper."   Plaintiff seeks to recover the money value of the corn which had not been delivered, but he made no demand for its delivery before instituting the suit.   The circuit court ruled that he was not entitled to recover in the absence of such demand, and directed a verdict for the defendant.

The only question in the case is as to the correctness of this ruling. It is provided by statute (Code, § 2097) that "no contract for labor or for the payment or delivery of property, other than money, in which the time of performance is not fixed, can be converted into a money demand, until a demand of performance has been made, and the maker refuses, or a reasonable time is allowed for performance." The contract under which plaintiff claims to recover is a contract for the payment of property other than money, and if the time of performance is not fixed in it, plaintiff is clearly not entitled to recover as on a money demand, without having first demanded the delivery of the property. This is conceded by counsel for plaintiff; but they contend that the contract does fix the time of performance. Their position is that, by the provision of section 2015 of the Code, a lease like the one in question terminates on the first of December, and that, in the absence of any express stipulation as to the time when the rent shall be paid, it becomes due by implication of law on the termination of the lease, and that these provisions of the law entered into and became part of the contract, and hence it is as certainly provided by the contract that the rent should become due on the first of December as it would have been if an express stipulation to that effect had been embodied in it. We think, however, that the position is not sound. The effect of said section was doubtless to terminate the contract on that date. It provides, in effect, that the leases of field-tenants or croppers, when the crop raised by them is corn, shall terminate on the first of December, unless otherwise agreed upon. This provision, however, does not establish a rule for the government of parties in making their contract. It simply fixes a time at which, in the absence of express agreement to the contrary, the lease shall terminate. The lease in question terminated on that day, not because of any stipulation that it should terminate at that time, but because the parties had failed to agree that it should terminate on another date. The right to demand the payment of

the rent on that day, which accrued in favor of plaintiff, arose, not because that day was fixed in the contract as the time of performance, but because the statute provided that the lease should then terminate. Undoubtedly the parties should be held to have contracted with reference to the statute. They did not, however, make its provisions part of the contract. They simply entered into no stipulation as to the time when it should terminate, but left it to be terminated by the statute.

We think the circuit court correctly held that the time of performance was not fixed in the contract.

Appellants filed a motion to tax the costs of printing appellee's amended abstract to him. This motion will be sustained. There was no occasion for filing an amended abstract. The record was fully and fairly abstracted by appellant.

The judgment will be

AFFIRMED.