## KYTE v. KELLER.

**Lease:** OF LAND FOR CORN CROP: TERMINATION: RIGHT TO STALK
PASTURE. ˙Where land is leased for the purpose only of raising a
crop of corn thereon, the lessee's rights expire when the corn is
harvested, and he is not entitled, in the absence of a special stipu-
lation therefor, to pasture his cattle upon the stalks. So *held*
under section 2015 of the Code, which provides that "in cases of
field tenants or croppers, * * * leases shall be held to expire
when the crop is harvested; provided that, in case of a crop of
corn, it shall not be later than the first day of December, unless
otherwise agreed upon." The rights of the parties in such cases
cannot be controlled by custom.

*Appeal from Clarke District Court.*—HON. J. W.
HARVEY, ·Judge.

FILED, OCTOBER 25, 1888.

THIS is an action in equity, by which the plaintiff
demanded that the defendant be enjoined from breaking.
down gates inclosing his land, and driving cattle
thereon. There was. an answer to the petition, and a
hearing had upon the merits, and a decree was entered
for the plaintiff, and defendant appeals.

*W. B. Tallman*, for appellant.

No appearance for appellee.

ROTHROCK, J.—It appears from the. pleadings and
evidence that in the spring of the year 1884 the plaintiff
leased to the defendant eighteen acres of land upon
which to raise a crop of corn in that year. The rent
reserved was one-third of the crop, husked and delivered
in the crib. The land was part of a field of forty acres,
all of which had been used as a meadow. This forty-
acre tract was not on any public road, but there were
two approaches to it over the lands owned by plaintiff.
The defendant, in cultivating and removing the crop,

Kyte v. Keller.

went in and out to his work by opening gates and passing over the other lands of plaintiff. Some time in November of said year the defendant husked the share of the plaintiff, and delivered it to him ; and also husked his own share, and removed it from the land. The harvesting of the corn was completed. It is true the defendant did not husk his own share as clean as he did that of the plaintiff, but no corn of any value was left on the stalks. After completing the husking, the defendant insisted on his right to turn his cattle in the field to pasture the stalks and feed on what corn was left. This was objected to by plaintiff, and it is the alleged right of the defendant to the pasturage which was the issue tried in the court below. It appears from the evidence that when the contract was made nothing was said about the right to said pasturage, nor when the lease should expire. The defendant insists that, in the absence of such a stipulation, he, as a cropper, was entitled to the pasturage by custom, and evidence of such a custom was introduced at the hearing. We do not think the rights of the parties can be controlled by custom, because, as we understand it, they are regulated and controlled by statute. It is provided by section 2015 of the Code that, "in cases of field tenants or croppers, * * * leases shall be held to expire when the crop is harvested : provided, that in case of a crop of corn it shall not be later than the first day of December, unless otherwise agreed upon." In our opinion, the defendant's rights in the premises terminated when he finished husking the corn. He had then harvested the crop. The fact that he did not husk all the stalks clean cannot be held as extending the right to the possession of the land. His harvest was over, and his lease ended, when the crop was removed, so far that he thought it proper to pasture the land. This appears to us to be the plain meaning of the statute. The cases of *Johnson v. Shank*, 67 Iowa, 115, and *Howard County v. Kyte*, 69 Iowa, 307, cited by counsel for appellant, do not appear to us to be inconsistent with the decree of the district court in this case.          AFFIRMED.