## TANTLINGER v. SULLIVAN *et al.*

1.  **Landlord and Tenant:** FIELD-CROPPER: RIGHT OF PASTURAGE. A mere field-cropper for a share of the crop has no right to turn cattle upon the land until the crop is harvested, and in no case has he a right to pasture the land after the first of December. (Code, sec. 2015 ; *Kyte v. Keller*, 76 Iowa, 84.)

2. Injunction: TRESPASS : MULTIPLICITY OF SUITS. The owner of land, to prevent a multiplicity of suits, may have an injunction to prevent repeated trespasses thereon, without alleging irreparable injury or the insolvency of the defendant.

3. Appeal: EQUITY CASES : ORDER OF ARGUMENT. In appeals in equity cases, though the defendant appeals, the plaintiff is entitled to the opening and closing argument. And where in such case the defendant files the first argument, unless it appears that he had good reason to do so, the plaintiff's reply will not be stricken from the files.

*Appeal from Johnson District Court.*—HON. H. S. FAIRALL, Judge.

FILED, MAY 21, 1890.

THE plaintiff is the owner of a farm, and the defendant cultivated part of the same in corn and oats in the year 1887, and agreed to deliver to the plaintiff two-fifths of the grain raised. In the month of November of that year the corn was not all gathered, and the defendant turned some cattle on the land, intending to allow them to run upon that part where the corn had been husked, but they escaped, and destroyed some of the crop. The plaintiff turned the cattle off the farm, and the defendant drove them back. This action was commenced to enjoin the defendant from breaking down fences and gates, and driving cattle upon the land to graze and pasture, and from removing corn from the land until the landlord's share was delivered, and from entering upon the land for any purpose after December 1, 1887. A temporary injunction was issued as prayed, which, upon a final hearing, was made perpetual. Defendant appeals.

*Ranck & Wade*, for appellant.

*Milton Remley*, for appellee.

ROTHROCK, C. J.—I. The parties differ as to the terms of the contract upon which the land was farmed.

**1. LANDLORD and tenant: field-cropper: right of pasturage.** The defendant claims that he had the right to pasture the land after the removal of the crops, and the plaintiff claims there was no such right. It appears to us that it is fully established by the evidence that the defendant occupied the part of the farm which he cultivated as a field-tenant or cropper, and that, under section 2015 of the Code, he had no right to use the land as a pasture after the crop was removed, nor in any event after December 1. See *Kyte v. Keller*, 76 Iowa, 34. And there was no right of pasturage before the crop was harvested.

II. This is about all that is necessary to be determined in the case. It is true the defendant makes **2. INJUNCTION: trespass: multiplicity of suits.** the question that the plaintiff was not entitled to an injunction, because it is claimed that it is not shown that the threatened damage would be irreparable, nor that the defendant was insolvent. This was not necessary. The plaintiff was not required to bring an action at law every time his gates were opened or his fences torn down, and cattle turned into his fields. He had the right to an injunction to prevent a multiplicity of suits. *Ladd v. Osborne*, 79 Iowa, 93.

III. Appellant filed a motion to strike the argument of appellee in reply. It will be overruled. This **3. APPEAL: equity cases: order of argument.** is an equity cause, and it was the right of the plaintiff to open and close the argument. It is true the appellant's argument was the first argument filed. There might be ground for the motion if the appellant for good reason filed the first argument. This, defendants, being appellants, in equity cases are sometimes compelled to do, to the end that a submission may be had. But it does not appear that such was the case in this instance. The decree of the district court will be          AFFIRMED.