I. T. WALLER, Appellant, v. CHARLES VERMITT AND FRANK VERMITT.

**Landlord and Tenant—Notice to Quit:** CONSTRUING OF STATUTE. The requirement of McClain's Code, section 3190, that the notice to quit, served upon a tenant occupying and cultivating a farm, must fix the first day of March as the time to quit, does not apply where there is an express agreement that the tenancy shall cease at a time agreed upon, without notice.

*Appeal from Ringgold District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, APRIL 9, 1896.

THIS is a proceeding in forcible detainer, by which the plaintiff seeks to obtain the possession of a farm

of two hundred and forty acres.  There was a demurrer to the petition, which was sustained, and judgment was entered for the defendants.  Plaintiff appeals.— *Reversed.*

*Asker Brothers* for appellant.

*Wright & Lee* for appellees.

ROTHROCK, C. J.—The proceeding was commenced before a justice of the peace.  A formal petition was filed, from which it appears that the defendants were tenants on the farm of the plaintiff, the possession of which is in dispute, and on the fourth day of September a written agreement was entered into between the parties, by which the defendants were to deliver certain property to the plaintiff, and perform some labor on the land, and give up possession of the farm "the last of October, 1894."  The plaintiff took no steps to obtain possession of the land until January 3, 1895, when he caused a notice to be served upon the defendants to quit the possession within thirty days. After the expiration of that time, and on the fourth day of February, 1895, this action was commenced. Three days before the action was instituted, another notice was served on the defendants to surrender the possession.  The defendants answered the petition, in which answer they admitted the execution of the written agreement set out, and that the lease "expired on or about the last day of October, 1894," but alleged there was an oral agreement between the parties for the rental of the farm for the year 1895.  A trial was had before the justice of the peace, which resulted in a judgment for the plaintiff, and a warrant of removal was issued, and the defendants were removed from the farm.  An appeal was taken to the district court, and, when the parties appeared in that tribunal, the

defendants filed a demurrer to this petition. It does
not appear that the answer was withdrawn, but the
demurrer was taken up and submitted to the court,
and it was sustained. Thereupon the defendants filed
a motion for a writ for the restitution of the property.
The motion was sustained, and the writ issued, and
the plaintiff appealed to this court.

In view of the proceedings before the justice, and
the averments of the petition, we are unable to under-
stand upon what ground the demurrer to the petition
was sustained. The demurrer was in these words:
"Comes now the defendants, and demurs to the plaint-
iff's petition and the amendment thereof, for the rea-
son that, it does not entitle the plaintiff to the relief
demanded, or any relief whatever. For said peti-
tion shows upon its face—First, that these defend-
ants held peaceable and uninterrupted possession,
with the knowledge of the plaintiff, for more than
thirty days, after the cause of action accrued, if it
ever did accrue; second, said petition shows, upon its
face, that the notice, alleged to have been served, was
not served to terminate the tenancy on the first day
of March, as is required by section 3190, of McClain's
Code, in cases of tenants occupying and cultivating a
farm."

We have set out the demurrer, and the substance
of the pleadings, because counsel for appellees, in
their argument, seek to sustain the ruling of the court
below, upon the ground that but one of the defend-
ants signed the contract terminating the lease; and
it is insisted that one joint tenant, or tenant in com-
mon, cannot, by any written agreement, terminate
the interest of his joint tenant. This record does not
present that question. It is neither raised by the
answer, nor by the demurrer. The demurrer is based
upon the ground that the motion to quit should have
fixed the first day of March as the time to quit, as

required by section 3190, of McClain's Code, because
the defendants were occupying and cultivating farm
land.   But that provision of the law has no applica-
tion to the facts presented by this record.   The same
section of the Code provides that, where there is an
express agreement, the tenancy shall cease at the time
agreed upon, without notice.   See *Kellogg v. Groves*,
53 Iowa, 395 (5 N. W. Rep. 517), and *Johnson v. Shank*,
67 Iowa, 115 (24 N. W. Rep. 749).   The demurrer
should have been overruled.   The judgment of the
district court is REVERSED.