E. H. WARNER v. ED. SHAFFER, Appellant.

**Landlord and tenant:** ACTION FOR RENT: DEMAND. It is the general rule that a demand for payment of rent is required before institution of suit to recover the same, where no time of payment has been agreed upon by the parties; but in this action for the value of rent reserved in a share of the crop, it appeared that the lease expired at a certain date and by its terms the defendant was required to harvest and store the landlord's share on the premises by a specified time, at which time the defendant's control of the place ceased and the landlord was entitled to full possession. *Held,* that the direction of a verdict for defendant in the action, brought after the time for delivery of the landlord's share and after he became entitled to the possession of the premises, was erroneous, and that the granting of a new trial for that reason was proper.

*Appeal from Tama District Court.*—HON. C. B. BRADSHAW, Judge.

THURSDAY, OCTOBER 26, 1911.

SUIT to recover the value of rent reserved in kind. The court directed a verdict for the defendant, and afterwards set it aside and granted a new trial. The defendant appeals. *Affirmed.*

*Struble & Stiger,* for appellant.

*S. C. Huber,* for appellee.

SHERWIN, C. J.—The plaintiff leased farm lands to the defendant for the term from March 1, 1908, to November 15th of the same year. The lease provided that the land was to be used for raising corn, and that plaintiff was to have as rent therefor one-half of the corn raised, to be delivered to the plaintiff at cribs on the leased land. The lease also contained a provision requiring the defendant to "husk and crib all corn raised  .  .  .  before the 31st day of December in each year, and properly care for all crops in their season." This suit was brought after the 31st of December, 1908, and without a previous demand for the plaintiff's share of the corn. After the evidence on both sides was closed the defendant moved for a directed verdict, on the sole ground that the lease on which the action was based provided for the delivery of property, and that no time was fixed therein for its delivery, nor any demand therefor made on the defendant before suit. The motion was sustained, and a verdict was directed for the defendant. Thereafter the plaintiff moved for a new trial on the ground alone that no demand before suit was necessary, for the reasons, first, that the action was not commenced until after the term had expired; second, because the lease fixed a time and place for the delivery of plaintiff's share of the corn; and, third, because the defendant had converted to his own use the

plaintiff's share of the crop. The plaintiff's motion was sustained, and a new trial was granted. This appeal by the defendant followed.

The plaintiff makes no claim here that there was a conversion, hence we dismiss that subject. Under the facts presented, there is but the one question in the case, namely: Was a demand necessary before suit? The plaintiff takes two positions relative to this question which are not wholly consistent. He says, in the first place, that the rent reserved became due by implication at the termination of the lease on the 15th day of November, 1908, and, in the second place, that by the terms of the lease itself the rent became due on the 31st day of December of the same year. Code, section 3056, provides that "no cause of action shall accrue upon a contract for labor or the payment or delivery of property other than money where the time of performance is not fixed, until a demand of performance has been made upon the maker and refused, or a reasonable time for performance thereafter allowed." There is no contention but what the contract in question provides "for the payment or delivery of property other than money," and we go directly to the question whether, under this statute, a demand was necessary in this case. It is settled by our own decisions that a demand for rent is necessary where no time is fixed in the contract for its payment. In *Johnson v. Shank*, 67 Iowa, 115, the landlord leased to the tenant land which the latter agreed to cultivate in corn during the season, and to pay as rent for the land a share of the crop. There was no express agreement as to the time when the lease should terminate, nor as to the time when the rent should be paid. The landlord brought suit for the value of his share of the crop after the termination of the lease, which was held to be on the 1st day of December, under section 2015 of the Code of 1873, and without a prior demand for performance. It was held that he could not maintain

the action, that the termination of the term gave him the right only to make demand for payment of the rent and did not fix the time of performance. See, also, as bearing on the question, *Newburn v. Hyde,* 132 Iowa, 88; *Frederick v. Remking,* 4 G. Greene, 56, and *Whipple v. Abbott,* 4 G. Greene, 66. The only case cited by the appellee in support of his contention is *Ingram v. Dailey,* 123 Iowa, 188, and that is not in point. The only question there decided was as to the admission of evidence of a parol contract.

The appellee also contends that the lease itself fixed both the place and the time of the delivery of the landlord's share of the corn, and because thereof that no demand before suit was necessary. By the terms of the lease the defendant's term expired on the 15th day of November. The lease provided, however, that the corn was to be husked and put in the cribs on or before the 31st of December following, and that the plaintiff's share thereof should be delivered in cribs on the place, together with all of the stalks raised thereon. The pleadings show that the defendant remained on the farm until about the 1st of December, and then left it; but, as none of the evidence taken on the trial is presented to us, we have no means of knowing whether the corn sued for was ever husked and put in the cribs. It does appear, however, that a part of the crop was in fact delivered to the plaintiff before this suit was brought. The lease clearly provides the place of delivery, and we think that it may be fairly inferred from its terms that the parties contemplated a delivery of the landlord's share of the crop not later than the 30th of December, by which time it was to be in the cribs on the farm. The defendant's right to be on the place for gathering the crop expired at that time, and as the corn was to be delivered in the cribs it is fair to infer delivery thereof was to be made when the defendant's control over the farm and the cribs ceased.

The plaintiff then had a right to the full possession of the premises, and it is not to be presumed that the parties understood that delivery of the corn should thereafter be made. There would be no reason for such an arrangement, and it would not be the natural or ordinary way of doing business.

We are of the opinion, therefore, that the court did not abuse its discretion in granting a new trial for the purpose of submitting this question to the jury. See *Packer v. Cockayne,* 3 G. Greene, 111.

The judgment should be, and it is, *affirmed.*