HERREID, Acting Commissioner of Banking, Respondent, vs. BROADHEAD, imp., Appellant.

*April 14—May 9, 1933.*

*A. C. Wolfe,* attorney, and *Q. H. Hale* of counsel, both of La Crosse, for the appellant.

For the respondent the cause was submitted on the brief of *Higbee & Higbee* of La Crosse, attorneys for Westby State Bank.

FAIRCHILD, J.   The confusion which exists concerning title to crops on which Buros gave the chattel mortgage to the Westby State Bank arises out of the misinterpretation by the respondent of the contract made March 5, 1929. Mr. Buros agreed to work for appellant, exacting as his pay for such work a portion of the crop.   The agreement is characterized by certain specific stipulations which distinguish it from a lease.   The title to the crops until an actual division was made and possession accorded Buros was in the landowner.   The governing provisions briefly quoted are: "The second party hereby agrees to work said premises for the said first party;" "in consideration of the full and faithful performance of this agreement on the part of the second party the first party agrees to pay to the said second party one-half of all said crops so raised;" "and whenever the crops are ready for market such division shall be made by the first party on the premises;" "said premises shall remain in possession of the first party, except buildings and garden;" "first party reserves storage on the premises for produce there raised."

The agreement from which these significant clauses are quoted is set forth somewhat fully in the statement of facts. It contains provisions relating to the manner in which the work is to be executed and the contributions to be made by each of the parties; and while it does contain words such as "this lease," still an analysis of the whole instrument shows it to be a contract for services and that the title to crops was

in appellant at the time the chattel mortgage was executed. We have, by reason of the agreement, a situation ruled by the law recognized and set forth in *Kelly v. Rummerfield,* 117 Wis. 620, 94 N. W. 649, and *Taylor v. Donahoe,* 125 Wis. 513, 103 N. W. 1099. In the latter case it was said:

"The distinction between a tenant and a cropper is that a tenant has an estate in the land for a given time, and a right of property in the crops, and hence makes the division thereof between himself and the landlord in case of an agreement upon shares, while a cropper has no estate in the land, nor ownership of the crops, but is merely a servant, and receives his share of the crops from the landlord, in whom the title is."

It was understood between the parties that certain things were to be divided from time to time, such as young stock, hogs, and chickens, and it was expressly stipulated as to the milk and cream checks that each party was to have one-half to be divided at the creamery, but the growing crops were expressly reserved to the landowner. He was to pay a fixed portion thereof to Buros upon the performance of the agreement. In that event the landowner "agrees to pay to the said second party one-half of said crops so raised." These were to be divided on the premises by appellant.

That under the agreement the amount, if any, due Buros was not determined follows from the finding by the court "that the said defendant Maljor Buros, at the time of the execution of said note of $1,175 to the Westby State Bank, had failed in the full and faithful performance of his agreement with said defendant George Broadhead to work the land of said George Broadhead, and by reason of such failure was indebted to the said George Broadhead. . . . When he left the farm of the said George Broadhead on the 5th day of March, 1932, he had failed in the full and faithful performance of the said agreement in that he did not leave on the farm of said George Broadhead the farm produce which

said agreement called for, and in addition was heavily indebted to the said George Broadhead by reason of other breaches of said agreement to work the land." The only conclusion to be drawn is that when the chattel mortgage to the Westby State Bank was executed Buros had no interest in the crops to which the lien of the mortgage could attach. He had but a prospective interest such as one working for wages would have in the wages to become due him on the faithful performance of his contract. His payment in crops was conditioned upon appellant being indebted to him and upon his complying with the covenants to be performed under his agreement. Until the crop has been raised, prepared for market, and set apart to him, no title in it passed. *Kelly v. Rummerfield, supra; Taylor v. Donahoe, supra; Hawk v. Konouzki,* 10 N. Dak. 37, 84 N. W. 563.

The respondent asks review of an order substituting the commissioner of banking as plaintiff in the place of the Westby State Bank and points out the failure of notice to the commissioner of the proceeding as ground for the objection. We see no reason for considering this point. The case has been well and ably presented for both parties. The commissioner does not complain. It is conceded that the bank is in the control of that official. The statute requires him to collect the assets of the bank. Secs. 220.08, 269.14, Stats. He must represent the estate.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in defendant's favor dismissing plaintiff's complaint.