HOWARD O. PAULSON et al., appellants, v. ALVIN ROGIS, appellee.

. No. 48949.

(Reported in 77 N.W.2d 33)

MAY 9, 1956.

Walter W. Eggers, of Clinton, for appellants.

Ben F. Martinsen, of Clinton, for appellee.

HAYS, J.—Plaintiff Paulson seeks an injunction restraining

defendant from entering upon and farming, for the year commencing March 1, 1955, a tract of farm land of approximately sixty acres, owned by him. The material facts are stipulated. Relief was denied, and he appealed.

In March 1947 defendant entered upon and farmed this land under a written lease terminating March 1, 1948. A new lease, identical in terms except as to dates, was made terminating March 1, 1949. While no written agreement has since been made, defendant has continued to farm this tract under the terms of said agreement. As a result of an attempt to farm it for the year commencing March 1, 1955, this action was commenced.

Under the terms of the written lease defendant was to pay as rent the sum of $350, payable in two installments, June 1 and December 1. It provided for a landlord's lien. It is stipulated that from March 1, 1947, to March 1, 1955, defendant had full, complete and absolute control and possession of said land and the acreage and type of crops to be planted. Plaintiff Paulson at no time exercised any control or determination as to how said land should be used and merely received his annual rental. The crops were the absolute property of the defendant, and plaintiff Paulson at no time made any claim therefor. Plaintiff Munck now owns said tract by virtue of a deed from Paulson dated March 1, 1955.

No notice of termination of the tenancy was given by either party. It is plaintiffs' contention that defendant is a mere cropper and not entitled to a notice under section 562.6 and section 562.7, Code of 1954. Section 562.6 provides: "* * * In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; * * *." Section 562.7 requires the notice shall be given "on or before November 1."

Appellants say, as their proposition for reversal, that "Because the tenant, Rogis, did not live on the land he leased he was a field tenant or cropper; and croppers' leases are excepted under the Code * * *." We think we may safely say that had defendant

lived upon this acreage, plaintiffs would concede that he would be entitled to the notice required by the statute.

While all agree that this court has not specifically defined what is meant by "cropper", at least as used in the statute under consideration, appellants cite three early decisions of this court as authority for the proposition that "one who does not live upon the land is a cropper." They are: Johnson v. Shank, 67 Iowa 115, 24 N.W. 749, Kyte v. Keller, 76 Iowa 34, 39 N.W. 928, and Tantlinger v. Sullivan, 80 Iowa 218, 45 N.W. 765. In each case the tenant did not reside upon the premises, a fact commented upon by the court, but in each case it was assumed the tenant was a cropper. Also, they were decided long prior to the enactment of the statute in question and are of little value here.

Both parties place stress upon the words of the statute "occupying and cultivating" and especially "occupying." "Occupy" according to Black's Law Dictionary, Fourth Edition, means "to take or enter upon possession of; to hold possession of; to hold or keep for use; * * * to do business in." 67 C. J. S., page 83, states the word "occupy" is variously defined as meaning "to possess; to hold in possession; to have in possession or use." 73 C. J. S., Property, section 14, page 201, says "occupy" generally refers to "actual possession * * * the exclusion of everyone else from enjoyment. Occupancy does not necessarily include residence." In Charless & Blow v. Lamberson, 1 (Clarke) Iowa 435, 440, 63 Am. Dec. 457, the court said "occupied" (under a homestead statute) means more than such possession as arises where land is cultivated or fenced. See also Fleming v. Maddox, 30 Iowa 239. To cultivate means " 'to till; prepare for crops; manure, plow, dress, sow and reap; manage and improve in husbandry.' " Miller v. Richey, Tex. Civ. App., 173 S.W.2d 490, 493. We find no particular significance in the use of the words "occupying and cultivating" so far as the instant case is concerned.

52 C. J. S., Landlord and Tenant, section 797, states: "The general rule is that the question whether a given contract constitutes the cultivator a tenant or a mere cropper depends on the intention of the parties as evidenced by the terms of the contract, construed as a whole, and the subject matter and surrounding circumstances."

In Strain v. Gardner, 61 Wis. 174, 21 N.W. 35, it is said that the difference between a tenant and a cropper is clear. The tenant has an estate in the land for a term, and consequently he has a right of property in the crop. If he pays a share for rent, it is he that divides off the landlord's share, and, until such division, right of property and of possession in the whole is his. A cropper has no estate in land; that is in landlord. The landlord must divide off the crop to the tenant. See also Herreid v. Broadhead, 211 Wis. 512, 248 N.W. 470; Davis v. Burton, 126 Mont. 137, 246 P.2d 236; Hampton v. Struve, 160 Neb. 305, 70 N.W.2d 74. Black's Law Dictionary, Fourth Edition, defines a cropper as "one who, having no interest in the land, works it in consideration of receiving a portion of the crop for his labor."

Considering the contract between these parties and the stipulated facts in the light of the foregoing authorities, we think it clear that defendant was not a cropper. While residing upon the premises is a pertinent fact to consider on the question of the difference between a tenant and a cropper, it is not determinative as contended by appellants.

Finding no error, the decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur.