Robert A. READ, and Virginia Read Ryd-
berg and Robert A. Read, Executor of the
Estate of Henry Read, Deceased, Appellees,

v.

ESTATE of Everet H. MINCKS, Deceased,
Elsie A. Mincks, Executor, and Elsie A.
Mincks, an Individual, Appellants.

No. 53901.

Supreme Court of Iowa.

April 7, 1970.

Nichols & Leonard, Sidney, for appel-
lants.

Stephens & Millhone, Clarinda, for ap-
pellees.

RAWLINGS, Justice.

Action in equity by landlords against
estate executor and surviving widow of de-
ceased tenant for recovery of possession
and to quiet title in farm property resulted
in decree adverse to defendants. They
appeal. We reverse.

Plaintiffs acquired the farmland here in-
volved May 2, 1968, on death of their
father. Sometime in 1952 or 1953 he had
entered into an oral year to year lease
agreement with Everet H. Mincks. This
tenancy continued without interruption.

November 27, 1968, Mincks died follow-
ing an illness which commenced in the
summer of that year. Absent receipt of
statutory termination of tenancy notice on
or before November 1, 1968 (sections 562.6,
562.7, Code, 1966), the widow, as sole
surviving beneficiary and executor of her
deceased husband's estate, claimed a con-
tinuing right to possession and occupancy
of the premises for the 1969 crop year.

By their petition plaintiffs conceded
Mincks had planted some 20 acres of land

to wheat, harvestable in 1969, and about 5000 to 6000 bushels of corn remained in the bins, presumably from the 1968 crop yield. They also alleged, in substance, the tenancy arrangement was of a personal nature which terminated on Mincks' death; the widow was not a suitable tenant; and the sale of farm machinery, by defendant executor, constituted an abandonment of any tenancy rights. Defendants denied these allegations.

Propositions relied on in support of a reversal are, trial court erroneously held, (1) Code sections 562.5–562.7 are inapplicable when a farm tenant dies subsequent to November 1st; (2) a farm lease is a personal contract, terminating on death of the tenant; and (3) a sale of farm machinery by deceased tenant's legal representative constituted an abandonment of the leasehold.

I. Our review is de novo. Rule 344(f) (7), Rules of Civil Procedure.

II. In the absence of any showing to the contrary it is presumed Mincks was a tenant from year to year. Section 562.4, Code, 1966. We confine ourselves accordingly.

Also, without question, he at all times occupied and cultivated more than 40 acres of land on a crop sharing basis and was not a mere cropper.

III. Furthermore, as this court said in Jensen v. Nolte, 233 Iowa 636, 639, 10 N.W.2d 47, 49: "A lease of real estate is a conveyance by the owner of a portion of the owner's interest therein to the lessee. It creates in the lessee an *interest* in the real estate. (Authorities cited)." See also Dopheide v. Schoeppner, Iowa, 163 N.W.2d 360, 362; Fetters v. City of Des Moines, 260 Iowa 490, 497, 149 N.W.2d 815; Paulson v. Rogis, 247 Iowa 893, 896, 77 N.W.2d 33; Wernet v. Jurgensen, 241 Iowa 833, 838–839, 43 N.W.2d 194; 51C C.J.S. Landlord and Tenant § 26, page 61; and 32 Am. Jur., Landlord and Tenant, sections 2–3, pages 27–30.

IV. On the other hand a share crop farm lease is, under common law, ordinarily regarded as a personal contract which does not survive the lessee's death. See In re Estate of Grooms, 204 Iowa 746, 750–754, 216 N.W. 78; 52A C.J.S. Landlord and Tenant § 803, page 334; 32 Am. Jur., Landlord and Tenant, section 320, page 294; 17A C.J.S. Contracts § 465, page 623; 17 Am.Jur.2d Contracts, section 413, page 864; and Corbin on Contracts, section 1335.

That rule, however, is materially restricted by chapter 562, Code, 1966. In fact the announced public policy of this state, here controlling, is found in section 562.6, which provides: "In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; * * *."

And section 562.7 states: "The written notice so required shall be given as follows:

"1. By delivery of notice in person on or before November 1 by one party to the other with acceptance of service thereon to be signed by the person receiving the notice, or

"2. By service on either party on or before November 1 by a person in behalf of the other party, in the same manner as original notices are served, or

"3. By either party sending to the other at his last known address before November 1, a notice by restricted certified mail."

In Benschoter v. Hakes, 232 Iowa 1354, 8 N.W.2d 481, this court was called upon to construe the foregoing and other related legislative enactments. We there held that farm leases, either at will or for a definite term, loc. cit., 232 Iowa 1361, 8 N.W.2d 485: "* * * could be terminat-

ed *only* by the November 1st notice, and failure to give the notice worked a renewal of the lease for one year commencing the next March 1st." (Emphasis supplied). See also Ballenger v. Kahl, 247 Iowa 721, 726, 76 N.W.2d 196; Pollock v. Pollock, 247 Iowa 20, 22–25, 72 N.W.2d 483; Wernet v. Jurgensen, supra; and 26 Iowa L.Rev. 76, 81–82.

V. Mindful of the foregoing we now conclude, (1) plaintiffs' failure to give the statutory November 1st notice served to extend the existing leasehold rights held by Everet H. Mincks for the 1969 crop year, terminable March 1, 1970, and (2) on his death such leasehold rights vested in the legal representative of decedent's estate.

In erroneously holding otherwise, trial court impermissibly read into Code section 562.6, supra, an exception, proviso, condition, or meaning not there expressed. As we said in Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431, 433: "Courts may not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute." See also Brightman v. Civil Serv. Com'n. of City of Des Moines, Iowa, 171 N.W.2d 612, 617.

VI. The question next to be considered is whether the sale of farm machinery by defendant-executor constituted an abandonment of the existing leasehold.

Touching on that subject this court said in Vawter v. McKissick, Iowa, 159 N.W. 2d 538, 540: "Abandonment as applied to leases involves an *absolute relinquishment* of premises by a tenant, and consists of acts or omissions *and an intent to abandon*." (Emphasis supplied).

To the same effect is this more comprehensive statement in 51C C.J.S. Landlord and Tenant § 125(2), pages 399–400: "In order to constitute an abandonment or surrender of the premises, which on acceptance by the landlord will constitute a surrender of the lease by operation of law,

there must be an intent to abandon and conduct by which the intention is carried into effect, or such a relinquishment by the tenant as will justify an immediate resumption of possession by the landlord. Where there is such a relinquishment, there is a sufficient abandonment or surrender.

"Although it has been said that the lessee of a term may abandon the lease by acts or by words or equivalent acts, and an abandonment occurs when the lessee vacates the premises with intent to relinquish all rights therein, a surrender cannot be implied by operation of law when the tenant retains possession, as tenant, of the leased premises, or any material portion of them, and abandonment cannot be inferred unless it can fairly be shown that nonuser by the lessee is coupled with an intent to relinquish all rights in the premises. A vacancy arises when the tenant ceases to exercise dominion over the subject premises.

"In order to constitute an abandonment or surrender of the leased premises, there must be a real or symbolical delivery of the possession of the entire property."

Understandably defendants could have farmed the leased land by use of rented machinery, under arrangements with a neighboring farmer, or on a custom basis.

Briefly stated, the record before us discloses neither a real nor symbolic intent on the part of defendants to abandon, or surrender the leased premises to plaintiffs for the 1969 crop year.

VII. Trial court erred in holding the landlord-tenant relationship terminated by operation of law on the death of Everet H. Mincks, and that a sale of farm machinery constituted an abandonment by defendants of their then existing leasehold rights.

By reason of this holding other propositions urged in support of a reversal need not be considered.

We reversed and remand for entry of a decree consistent with this opinion.

Reversed and remanded with instructions.

All Justices concur, except UHLEN-HOPP, J., who takes no part.