In the Matter of the ESTATE of Marie B. PETERSON, Deceased, J. Allen Orr, Executor.

Appeal of Marvin GEHRTS and Lydia Gehrts.

No. 2-59512.

Court of Appeals of Iowa.

Dec. 28, 1977.

Rosemary Sheehan, Sioux City and Thomas Yates, Holstein, for appellants.

Warren G. Dunkle, Sioux City, for appellees.

J. Allen Orr, Sioux City, for executor.

Heard by ALLBEE, C. J., and DONIELSON, SNELL, OXBERGER and CARTER, JJ.

SNELL, Judge.

Marvin and Lydia Gehrts were devised a quarter section of farmland in Cherokee County, Iowa, by the will of Marie B. Peterson who died March 13, 1974. For three or four years prior to her death the farm had been farmed by Eugene Gehrts, son of Marvin and Lydia. The 1974 crop year produced $12,869.37 from the landlord's share of the crop. Marvin and Lydia claim the money as devisees. The executor claims the money is part of estate assets for payment of debts and taxes. The trial court found for the executor. We affirm.

The case pertains to the existence of a lease and the purposes under the Iowa Probate Code for which the executor can take possession of rents from realty. Appellants assert there was no lease which could form the basis for the executor's possession under § 633.351, The Code, and notwithstanding, the rental income was not needed since the estate had sufficient other monies to pay taxes and debts.

Our review is de novo. Rule 4, Rules of Appellate Procedure. The evidence establishes there was no written lease but that decedent and tenant had for three or more years divided the expenses and the crops. Every three to six months they got together and took care of the income and expenditures. This arrangement was carried on year after year in the same manner with each party receiving one half the crops.

Appellants claim any arrangements of the parties in the past terminated at testator's death. Further, no crops were planted in March when testator died that could constitute personal property subject to the control and possession of the executor.

■ The executor's undisputed testimony was that decedent had made the same arrangement with Eugene Gehrts to farm the land for the 1974 crop season as before. Eugene Gehrts proceeded accordingly and presented the bills for the landlord's share of the expenses, which were paid by the executor. We find the evidence establishes the existence of an oral lease with Eugene Gehrts for the crop year commencing March 1, 1974. *See re Validity and Termination of an Oral Lease, Read v. Estate of Mincks,* 176 N.W.2d 192 (Iowa 1970); *Benschoter v. Hakes,* 232 Iowa 1354, 8 N.W.2d 481 (1943). *See also:* Webster, Decedents' Estates: Succession and Administration, 49 Iowa L.Rev. 638, 658 (1964) ("It was the intention of the committee that the term 'outstanding lease' be interpreted in its broadest sense.").

■ Pursuant to § 633.351, where there is a lease outstanding, the executor shall take possession of the real estate. Section 633.352 provides the executor shall collect the income from the property possessed, pay the taxes and fixed charges thereon, and apply the balance to general estate obligations. Any unexpended portion becomes a part of the general assets of the estate. We find no support for appellants' assertion that the executor is entitled to the rental income only if it is needed to pay taxes and debts.

Judgment affirmed.