In the Matter of the ESTATE OF T.G. HUGHS, Deceased.

Wilma JONES, Beneficiary, Appellant,

v.

Bill HUGHS and Harriet Harvey, Beneficiaries, and Terry Wilson, Executor of the Will of T.G. Hughs, Appellees.

No. 92–1655.

Court of Appeals of Iowa.

Sept. 2, 1993.

and to his friend, Wilma Jones, to "share and share alike."

Hughs bequeathed the use, income and control of all of his real estate to Bill and Harriet for life. He devised the remainder interest to the State for use as a wildlife area.

At the time of Hughs's death, the property was farmed by a tenant in accordance with a crop share agreement. When he died, the crop was matured, but still unharvested. The property yielded a net profit of $17,-967.75 in 1990 and $5,045.33 in 1991.

On July 10, 1992, the executor filed his final report. At the time of the filing, the 1992 crop was still in the field. The final report contained two proposed distributions and declared that it should be for the court to decide who received the income from the real estate. The first proposal awarded the income from the 1992 crop to Bill, Harriet, and Wilma. The second proposal awarded the income from the 1992 crop to only Bill and Harriet. The report did not specifically address how the income for 1990 and 1991 should be distributed.

Bill, Harriet, and Wilma all filed objections to the final report. Wilma argued that Iowa Code section 633.352 required the personal representative to allocate the unexpended portion of the farm profits to the general estate. She claimed a one-third interest in the general estate. Bill and Harriet argued section 633.352 did not apply because the will provided that Bill and Harriet would receive the income from the property.

The executor filed a second final report with two additional proposed distributions. One proposal distributed all of the farm income to Bill and Harriet. The second proposal awarded all of the farm income to Bill, Harriet, and Wilma.

After a hearing, the court approved the distribution of all of the farm income to Bill and Harriet. The court then entered a supplemental order that clarified the distribution. The court decreed that the income for 1990 and 1991 would be distributed to Bill and Harriet. It also ordered that the farm, along with the 1992 crop, be immediately turned over to Bill and Harriet. Also, the

Bert A. Bandstra, Knoxville, for appellant.

Anne L. Clark and Luann L. Barnes of Hopkins & Huebner, P.C., Des Moines, for appellees.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

This appeal involves a claim by Wilma Jones, a beneficiary under a will, that she is entitled to one-third of the net proceeds received from the farm real estate for the years 1990, 1991, and 1992.

The facts in this case are not in dispute. T.G. Hughs died on September 25, 1990. He left no surviving spouse. Under the terms of his will, Hughs bequeathed his personal property pursuant to the terms of a separate notebook. Hughs bequeathed the remainder of the personal property to his two children, Harriet Harvey and Thomas (Bill) Hughs,

court ordered that the 1992 farm expenses be allocated solely to Bill and Harriet. Wilma appeals. We affirm in part, and reverse in part.

### Iowa Code Section 633.352.

Our attention is directed to the following Iowa Code sections:

**633.351 Possession of real and personal property.**

If there is no distributee of the real estate present and competent to take possession, or if there is a lease of such real estate outstanding, or if the distributees present and competent consent thereto, the personal representative shall take possession of such real estate, except the homestead and other property exempt to the surviving spouse. Every personal representative shall take possession of all the personal property of the decedent, except the property exempt to the surviving spouse. The personal representative may maintain an action for the possession of such real and personal property or to determine the title to any property of the decedent.

**633.352 Collection of rents and payment of taxes and charges.**

Unless otherwise provided by the will, the personal representative shall collect the income from the property of which the personal representative has possession, pay the taxes and fixed charges thereon and apply the balance of such income to general estate obligations. Unless otherwise provided by will, any unexpended portion of such income shall become a part of the general assets of such estate.

At the time of the testator's death there was an outstanding lease on the farm. Therefore, as authorized under Iowa Code sections 633.351 and 633.352, the personal representative took possession of the real estate and collected the income and paid the expenses.

■ Iowa Code section 633.352 provides for the unexpended portion of such income. As noted above, Iowa Code section 633.352 states in part:

Unless otherwise provided by will, any unexpended portion of such income shall become a part of the general assets of such estate.

Hughs's will contains the following provision:

I give, devise and bequeath to my two children, Harriet and Bill, the use, income and control of all my real estate for so long as they or the survivor of them shall live. Subject to said life estates, I give, devise and bequeath all of my real estate to the State of Iowa to be used as a wildlife area.

The decedent's children argue the provision in the will is a distribution of income which varies from that provided for in section 633.352, thus making section 633.352 inapplicable. Jones asserts that because the language the testator used is the standard language used to devise a life estate, there is no evidence that the testator intended to circumvent section 633.352.

We find that the language "I give ... to my two children ... the use, income and control of all my real estate" is a distribution of the farm income which supersedes the default standard set out in section 633.352.

We find support for our position in *Colthurst v. Colthurst*, 265 N.W.2d 590 (Iowa 1978). In *Colthurst*, the decedent's will provided in part the following:

If my wife, Jessie M. Colthurst, survive me, I give, devise and bequeath to her the use, benefits, rents and profits in and to all real estate of which I die seized, for the term of her natural life.

*Id.* at 592. Our supreme court found that "this term of the will clearly provides for a distribution other than that set out in section 633.352." *Id.* at 596.

Jones argues that *Colthurst* is not controlling because it also contained the issue of abatement. *Id.* at 596. However the supreme court specifically decided the 633.352 question before addressing the abatement problem. *See id.* We therefore fail to see how the abatement issue would affect the interpretation of the language in the above cited provision of the code.

■ Jones also argues that *In re Estate of Peterson*, 263 N.W.2d 555 (Iowa App.1977) supports a different interpretation of 633.352. We disagree. This court in *Peterson* found

that the evidence had established an oral lease of farm land and so the executor properly took possession of the real estate and collected the income and paid the taxes and expenses and applied the balance to the general estate obligations. *Id.* at 556. We did not address the question of whether the will provided to the contrary.[1] *Id.*

We affirm the trial court on this issue.

■ This, however, does not end our inquiry. It is undisputed that at the time of the testator's death, the crops were mature, but not harvested. Crops which are fully matured and ready for harvest are no longer part of the realty, but are considered personalty. *In re Luke*, 184 N.W.2d 42, 47 (Iowa 1971); *see also Hecht v. Dettman*, 56 Iowa 679, 680–681, 7 N.W. 495, 495–496 (1881), *aff'd on rehearing* 56 Iowa 679, 10 N.W. 241. Under Hughs's will all residual personal property is divided equally between Jones, Harriet, and Bill.

We therefore find that the net profit from the 1990 crop should be divided among the three, while the net profit from the 1991 and 1992 crop should only be divided between Bill and Harriet.

**AFFIRMED IN PART; REVERSED IN PART.**

---

1. Jones presents us with Peterson's will on appeal. This document was not presented to the trial court and therefore is not properly before us. We do note however the language in the devise of the property in *Peterson* is not the same language as in the instant case.