114    399
f132    134

MARY E. LEWIS, Appellant, v. MARY J. LEWIS.

**Partition:** EQUITABLE APPORTIONMENT. In partition, it appeared that plaintiff's grantor, her husband, and defendant, his mother, had jointly purchased the premises in question on which improvements were afterwards made with funds procured by mortgage. The grantor and the other children lived with the mother, their earnings going to the common support of all, except that the grantor paid off the mortgage from his earnings. *Held*, that plaintiff was not equitably entitled to a larger interest than the defendant because of such payment.

**Life Estates:** REVERSION. Where a joint owner of realty conveys a life interest in his undivided one-half thereof to the other joint owner, by an instrument providing that said lot and premises should revert to the grantor on certain conditions, on the happening of such conditions the part conveyed, merely, will revert, and not the grantee's undivided interest.

*Appeal from Wapello Disrict Court.*—HON. M. A. ROBERTS, Judge.

TUESDAY, OCTOBER 1, 1901.

ACTION for the partition of real estate. Decree for defendant. Plaintiff appeals.—*Affirmed.*

*John W. Lewis* for appellant.

*D. H. Emery* for appellee.

Sherwin, J.—I. The plaintiff is the wife of her grantor H. O. Lewis, who is the son of the defendant. In 1880 H. O. Lewis and the defendant purchased jointly the premises in question, upon which improvements were afterwards made with funds procured by mortgaging the same. At the time of the purchase, and when the improvements were made, H. O. Lewis, with other children, lived with his mother, and together they constituted but one family. The children who were old enough to work did so, and their earnings were used for the common support of all, except in the case of H. O. Lewis, who paid off the mortgage from his earnings; and the claim is now made that his grantee is equitably entitled to a larger interest in the property than the defendant. We think this claim is not supported by the facts and circumstances before us. All parties were using their best efforts towards acquiring a home. Some were able to contribute more than others, but the common purpose was recognized, and while the plaintiff's grantor was looking after the incumbrance on the home, the other children and the mother were providing for the household and other expenses, and it would be inequitable to allow the claim now made at the expense of the other members of the family. The district court therefore rightly held that the plaintiff only took by the conveyance from her husband his undivided one-half interest in the premises in question.

II. In September, 1887, before his conveyance to plaintiff, H. O. Lewis executed and delivered to the defendant a written instrument, which the plaintiff in argument concedes conveyed to her a life interest in the undivided one-half of the lot then owned by him, but contends that by its terms and its acceptance it conveys to the grantor the undi-

vided interest of the defendant when its use shall cease. The clause in the instrument upon which this contention is based provides that "said lot and premises shall revert to the grantor upon the conditions therein named." It would require a perverted use of the word "revert" to sustain the plaintiff's position. At the time of the conveyance of the life estate to the defendant, H. O. Lewis only held, and hence could only convey, such estate in his undivided interest in the property. What, then, was to revert to him? Surely not something which he had not parted with, because no other meaning can be given the word "revert" than to turn back that which has been received. The defendant was offered a life estate in his interest in the property. By accepting it with the condition that the "lot and premises" revert to the grantor, she did not covenant that he should have her original interest in the property, as well as that which could alone revert to him by reason of his ownership. To hold otherwise would require us to say that both parties gave the language used a foreign meaning, and this we cannot do. The plaintiff owns a one-half interest in the premises in question, and nothing more, and this interest is subject to the defendant's life estate therein upon the other conditions named in the grant. Partition was rightfully refused, and the judgment is AFFIRMED.