FERDINAND SCHWARTZ *et al.*

*v.*

MICHAEL McQUAID.

*Opinion filed February 21, 1905.*

1. LEASES—*when lease will be presumed to have been with consent of all tenants in common.* A lease of premises by one of four tenants in common and attested by another will be presumed, in the absence of evidence to the contrary, to have been made with the knowledge and consent of all the tenants in common.

2. SAME—*use of premises for illegal purpose does not subject lessee to forcible eviction.* The use of leased premises for an illegal purpose, while it might authorize the lessor to avoid the lease, does not subject the lessee to forcible eviction or deprivation of the benefits of the lease without his day in court.

3. SAME—*when forcible eviction cannot be justified under doctrine of lis pendens.* The fact that a lease was made after the filing of a bill to partition the property does not authorize the forcible eviction of the lessee by one deriving title through the partition sale, where the partition decree did not adjudicate the rights of the lessee nor require him to surrender possession.

4. SAME—*when surrender of key does not deprive lessee of possession.* Surrender of the key by the lessee to one of the lessors for the purpose of caring for the building during the absence of the lessee, is not such a surrender of possession as deprives the lessee of his right to maintain trespass against a subsequent purchaser of the premises who forcibly entered them during the lessee's absence.

5. TRESPASS—*entering building by removing obstructions from opening in windows is trespass.* Entering a building in the possession of another by removing obstructions placed over an opening in a window to prevent entrance is a trespass, regardless of the degree of force required to remove them.

6. TRIAL—*when improper conduct of juror will not reverse.* A remark by a juror in a trespass case expressing an opinion as to the

law of the case during a controversy arising between him and the attorney for the defendant in his argument is not ground for reversal, where the attorney was not without fault, and the trial judge sustained an objection to the juror's remark, and, as far as he could, removed the effect thereof.

7. EVIDENCE—*evidence that building was dilapidated is not admissible in action of trespass.* In an action of trespass by a lessee against a purchaser of the building for forcibly entering the same during the lessee's absence, proof that the building was in a dilapidated condition is properly denied admission.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. CHARLES A. BISHOP, Judge, presiding.

On September 24, 1903, the defendant in error began an action of trespass against the plaintiffs in error in the circuit court of DuPage county. The amended declaration alleged that the plaintiffs in error, wrongfully intending to injure the defendant in error, on or about May 1, 1902, with force and arms broke and entered a dwelling house and store building of the defendant in error in DuPage county and stayed there for a long space of time, and broke and damaged four doors belonging to said building, and spoiled certain fastenings thereof of the value of $10, and seized and took divers chattels of defendant in error, and prevented defendant in error, during all that time, from transacting his necessary business; that they also broke and entered another dwelling house and store of defendant in error in said county and expelled him and his family therefrom, and kept them so expelled and deprived them of the use of said building. The plaintiffs in error filed pleas of not guilty and *liberum tenementum*, alleging in the latter plea that said property mentioned in the amended declaration now is, and at the time of the breaking and entering was, the close, soil and freehold of the plaintiff in error Ferdinand Schwartz, and that he ought not to be barred of his action, because the close was, at the time mentioned in said declaration, in the possession of said plaintiff in error Ferdinand Schwartz. Upon a hearing before the court and a jury a verdict was rendered in favor

of the defendant in error for $210. Judgment was entered upon the verdict, and from that judgment this writ of error is prosecuted.

The facts are substantially as follows: The premises in question consist of a store building situated in Lisle, DuPage county, and were owned by Joseph M. Mueller, Frank H. Haumesser, Emil Schmitt and Eugene Heim, as tenants in common. On December 24, 1901, a bill was filed in the circuit court of DuPage county for the partition of the property and certain lands surrounding it. On May 1, 1902, Haumesser, one of said tenants in common, executed and delivered to the defendant in error, Michael McQuaid, a written lease for the store building for a period of three years from July 1, 1902, which lease was attested by Schmitt. For about a month prior to the execution of this lease McQuaid had been in possession of the building, engaged in the business of selling beer, and had also lived there with his family. On November 28, 1902, a decree of partition was rendered by the court setting out the interests of the parties and appointing commissioners to make partition. A subsequent decree found that since the filing of the bill Haumesser had transferred all of his interest to W. A. Tope, whose appearance had been entered, and it further recited that the commissioners reported the premises indivisible, and it ordered a sale by the master. On March 13, 1902, the defendant in error, McQuaid, was arrested, under an indictment found by the grand jury of DuPage county, for selling liquor upon the premises without a license. He was subsequently convicted and sentenced to the county jail for ninety days, which term he served. At the time he was taken to jail no one was left in possession of the premises, his wife and children living elsewhere. He locked up the room, leaving therein his effects, consisting of some beer in cases, three stoves, a trunk containing clothing, chairs, tables, cooking utensils, etc. On March 16, 1903, the premises were sold by the master, under the decree, to A. H. Dickes, and on April 8, 1903, a deed of

conveyance was issued to him. On April 13, 1903, Dickes conveyed the premises to the plaintiff in error Ferdinand Schwartz. On April 14 Joseph Schwartz, who was a son of Ferdinand Schwartz, went to the building, pushed aside an obstruction fastened over a hole in one of the windows next to the door, removed some beer cases which had been piled against the window, opened the door and entered the room. He placed new locks on the doors, boarded up the windows and took possession of the building. While McQuaid was still in jail plaintiffs in error notified him to remove his effects from the building, which he failed to do, and subsequently the agent of the Pabst Brewing Company removed about twenty-two beer cases which it claimed to own, together with a clock and a bushel of potatoes. McQuaid was released from jail on June 16, 1903, and immediately made demand upon the plaintiffs in error for possession of the premises under his lease, which possession was refused, but plaintiffs in error claim they notified him he could have all of his property in the building. He then began this suit.

HAIGHT & REUSS, and BOTSFORD, WAYNE & BOTSFORD, for plaintiffs in error.

J. F. SNYDER, and L. E. DEWOLF, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first claimed by plaintiffs in error that at the time of the execution of the lease by Haumesser to McQuaid, Haumesser was the owner of only a part of the premises, and that by executing a lease for all of the premises, and because the premises were leased by McQuaid for the illegal purpose of selling liquor without a license, the whole transaction was thus tainted with such fraud and illegality as to reduce McQuaid from the status of an innocent and lawful lessee or tenant to that of a mere tortious occupant, and he was therefore not entitled to retain the premises as against the rightful owner. We do not think this contention can be maintained.

At the time the lease was executed Haumesser was the owner of only a portion of the premises, but his act of leasing was approved by Schmitt, who was one of the other owners, and there is nothing in the record to show that Haumesser did not act as the agent of the tenants in common or that the other tenants in common made any objection to the leasing. McQuaid entered and remained in possession for several months after the execution of the lease, paying the rent. In the absence of evidence to the contrary we will presume that the lease was made with the knowledge and consent of all of the tenants in common. There is nothing to show that the premises were leased for an illegal purpose. While it is true that McQuaid used them for an illegal purpose, and that fact might authorize the lessor to avoid the lease, yet the lessee would be entitled to his day in court before he could be deprived of the benefits of his lease.

It is next insisted that as the lease was made after the filing of the bill for partition, McQuaid took the interest in the premises which he derived through the lease pending the partition suit, and the decree of partition and order of sale were therefore binding upon him. While it is true the lease was made subsequent to the filing of the bill for partition and the interest of McQuaid in the premises was taken subject to the rights of the parties to that suit, the decree of partition did not take into consideration his interest. That interest might have been adjudicated and the decree ordered him to surrender possession to the purchaser or his grantee, but in the absence of any such order he could not be forcibly evicted. Even though he was wrongfully in possession the defendants below had no right to oust him unless they could do so without force.

It is next contended that during the time McQuaid was in jail, and during the trial, Haumesser had the key to the building, and was in possession at the time of the entry by plaintiffs in error, and hence McQuaid cannot maintain this action; also, that even if McQuaid was in possession, the

entry of plaintiffs in error was peaceable and without force, and as they were entitled to possession defendant in error could not maintain this action. The evidence shows that at the time McQuaid was taken to jail he left his effects in the building with no one in charge. The building was not in good repair, and one of the windows near the door was broken. That opening was covered with a piece of tin, pasteboard or some other temporary covering. Haumesser went to the jail and got the key from McQuaid and in company with another man entered the building for the purpose of seeing that the contents were intact. He claims that they nailed a board in a substantial manner over the opening in the window, and piled the beer cases against it so as to prevent anyone from entering in that way. By the surrender of the key to Haumesser, McQuaid did not part with his possession of the building, but the delivery was made simply for the purpose of taking temporary care of the contents, pending the expiration of McQuaid's sentence. The evidence shows that at the time plaintiffs in error entered the building it was necessary for them to remove the obstructions placed over the opening in the window. Just how much force was used does not clearly appear, but it was shown that the entry was at least with some force, and McQuaid still having the possession, the plaintiffs in error were guilty of the trespass for which the suit was brought.

After the evidence had been submitted, and during the argument of counsel to the jury, a controversy arose between one of the attorneys for plaintiffs in error and a juror, in which the juror expressed an opinion as to the law applicable to the facts of the case. Objection was made to this conduct of the juror. The objection was sustained by the court and the juror informed that it was not proper for him to make such remark at that time. It is now insisted by plaintiffs in error that because of such misconduct of the juror the jury should have been discharged, or instructed to bring in a verdict for the plaintiffs in error. In the controversy between

counsel and the juror the attorney himself was not wholly without fault. The remark of the juror was improper, but the judge promptly sustained the objection thereto, and as far as he could removed any prejudicial effect which would result therefrom. We do not think the irregularity was of so grave a character as to justify the setting aside of the verdict and ordering another jury to try the issues.

Complaint is made of certain remarks by counsel for defendant in error in his argument to the jury. They were objected to at the time, and the court sustained the objection and instructed the jury to disregard them. No reversible error is shown in this respect.

The plaintiffs in error offered evidence tending to show that the building was in a dilapidated condition, which was objected to by defendant in error and the objection sustained, which ruling is assigned for error. We are unable to see how the evidence in any way tended to enlighten the issues being tried. The question was whether or not plaintiffs in error had been guilty of trespass by forcibly entering while the building was in the possession of the defendant in error. The court therefore committed no error in excluding the evidence.

Complaint is next made of the refusal of the third and ninth instructions offered on behalf of the plaintiffs in error. We have examined the instructions given, and are of the opinion that the jury were fully instructed as to the law applicable to the facts, and that the refusal of the two was not error.

From a consideration of the whole case we are of the opinion that the evidence sufficiently showed that the defendant in error was rightfully in possession of the premises at the time of the entry by the plaintiffs in error, and that the entry by them was with such force as to make them guilty, in law, of trespass.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*