S. G. BOLEY et al., Appellants, v. B. R. BOLEY et al., Appellees.

JUNE 26, 1928.

REHEARING DENIED DECEMBER 14, 1928.

*McBeth & Stong* and *McCoid, McCoid & McCoid,* for appellants.

*Newbold & Newbold,* for Anna Eliza Cooper Watson, appellee.

*A. L. Heminger,* for Mrs. Vine Sisco, Mrs. Carl Reynolds, J. H. Bailey, N. W. Bailey, Mrs. F. Holmes, Mrs. Walter Mills, Mrs. Ed Watson, Mrs. Rhyner Carson, Albert Runyon, J. C. Runyon, Walter H. Runyon, Mrs. Leona Baldwin, Elmer Runyon, Converse Runyon, W. W. Masterson, Mrs. Josephine Lois Metz, Mrs. Nettie Converse, and Laurel E. Holmes, appellees.

FAVILLE, J.—One George Boley was the owner of the land in controversy. He died intestate in July, 1878. He was a widower at the time of his death. He was survived by three children, Nicholas Boley, Nancy Watson, and Lucinda Runyon, all of whom were married. Said three parties became seized of said premises as tenants in common. On or about the 5th day of September, 1878, the said Nicholas and his wife, Hannah, and the said Nancy and her husband, James, joined in the execution of a deed conveying the said premises to their cotenant, Lucinda, and her husband, John Wesley Runyon. The deed recites a consideration of $1,000, the receipt of which is acknowledged, and contains the following provision:

"To have and to hold unto them the said John Wesley Runyon and Lucinda Runyon and the heirs of their bodies, begotten during the continuation of their present marriage. But if no such heirs exist at the time of the death of the aforesaid grantees, then the said John Wesley Runyon and Lucinda Runyon, are by these presents only to have a life estate in the above described premises, and we, Nicholas Boley, Hannah Boley, James A. Watson and Nancy Watson, hereby give up and surrender all power, rights and privileges to and over said real property inconsistent with the terms and purposes of this, our deed and instrument. And it is further agreed that in case no heirs as above described exist and after the expiration of the natural lives of said grantees, then the aforesaid premises are to

revert back and to vest wholly in Nicholas Boley, Hannah Boley, James A. Watson and Nancy Watson, their heirs by them lawfully begotten during the period of their present marriages discharged of all liability or holding created by these presents. And we warrant the title of the same against the claims of all persons whomsoever.''

Lucinda and her husband went into possession of said premises. But one child was ever born to said Lucinda and John, and this child died September 1, 1865, when about two years of age. Lucinda died March 30, 1891. On March 16, 1891, she conveyed the said described premises to her said husband, John, by quitclaim deed, said deed containing the following provision:

''To have and to hold his natural lifetime and then to revert back to her heirs. And I quitclaim all my right and title in and to the above described real estate.''

John later married Mary E. Runyon, who survived him. He died January 30, 1924.

The grantor Nancy Watson had no children. She died September 16, 1891, survived by her husband, James A. Watson. Watson remarried, in 1892, Anna Eliza Watson, and two children were born to this marriage. James A. Watson died in 1902, and his widow, Anna Eliza Watson, remarried to one Cooper.

The grantor Nicholas Boley and his wife, Hannah, were the parents of eight children, one of whom is deceased, leaving a husband and one son. Hannah died March 15, 1915, and Nicholas died March 16, 1915. Six of said children of Nicholas and Hannah, and their respective spouses, are plaintiffs in this action. The defendants are the other children of said Nicholas and Hannah; the grandson of Nicholas and his guardian; Anna Eliza Watson Cooper and her two sons; the surviving widow of John Wesley Runyon; and the collateral heirs of said Runyon.

The ultimate question for determination in this case is as to the proper construction of the deed of September 5, 1878, from Nicholas Boley and his wife and Nancy Watson and her husband to their cotenant, Lucinda Runyon.

Nicholas Boley, Nancy Watson, and Lucinda Runyon were tenants in common of the premises, each owning an undivided one-third interest therein. Two of the cotenants, Nicholas and

Nancy, deeded said premises to their cotenant Lucinda. The deed did not in terms purport to convey the undivided two-thirds interest of the grantors in said real estate, but conveyed the entire premises, instead. The granting clause conveyed the premises to Lucinda Runyon and her husband, John Wesley Runyon. The *habendum* clause provides:

"To have and to hold unto them the said John Wesley Runyon and Lucinda Runyon and the heirs of their bodies, begotten during the continuation of their present marriage."

If the deed stopped at this point, the determination of the estate conveyed would be less difficult; but the deed then recites that, if no such heirs exist at the time of the death of the said grantees, they are to have only a life estate in said premises, and after the expiration of the natural lives of said grantees, "then the aforesaid premises are to revert back and vest wholly in Nicholas Boley, Hannah Boley, James A. Watson and Nancy Watson, their heirs, by them begotten lawfully during the period of their present marriages."

It is not seriously contended but that, under the terms of this instrument, and the facts in relation to the heirs, the said grantees, Lucinda Runyon and John Wesley Runyon, took only a life estate in and to the share in the premises conveyed to them by the grantors, Nicholas Boley and Nancy Watson. The fee to an undivided one third in said premises rested at the time in the grantee Lucinda, and the deed at least created a life estate in the two-thirds interest in said premises held at the time by Nicholas and Nancy. The provision in the deed with regard to passing of the title, under certain contingencies, to the heirs of the grantees, John Wesley Runyon and Lucinda Runyon, begotten during the continuance of their marriage, never became effective, because no such heirs were born. As we understand the record, it is conceded by the appellees, in effect, if not in exact terms, that, upon the death of both Lucinda Runyon and John Wesley Runyon, the undivided two-thirds interest in said premises held originally by Nicholas and Nancy reverted to their heirs: that is, an undivided one third to the heirs of Nicholas, and an undivided one third to the heirs of Nancy. The all-important question in the case is with regard to the undivided one third of said real estate the title to which was originally

vested in Lucinda, as heir of her father, George. The deed provides that, after the expiration of the natural lives of the grantees, John Wesley Runyon and Lucinda Runyon, "then *the aforesaid premises* are to revert back and vest wholly in Nicholas Boley, Hannah Boley, James A. Watson and Nancy Watson, their heirs by them begotten lawfully during the period of their present marriages." The contention of appellants at this point is that the acceptance of this deed of conveyance by the Runyons in 1878, and their possession thereunder and acquiescence therein, bound the Runyons, as by contract, that the *entire* title to the premises, including the undivided one-third interest therein originally held by Lucinda, should, upon the death of both Lucinda and John Wesley Runyon without issue begotten of their marriage, "revert back and vest wholly" in Nicholas and Nancy or other designated heirs. The determinative question in the case resolves itself finally into a construction of this clause of the deed. Did the title to the *entire* premises "revert back" to the grantors, or did only the interest which they had conveyed under the deed of 1878 revert? It is to be noticed that the deed does not in terms purport to convey the undivided two-thirds interest which Nicholas and Nancy were seized of in the premises. It conveyed the entire premises. This, however, is not controlling in determining the proper construction to be placed upon the instrument. Nicholas and Nancy and their spouses, in executing this deed, conveyed all the interest which the grantors had in and to the premises. An undivided one-third interest in the premises was already vested in Lucinda, the grantee. The grantors could not convey it. Narrowing the inquiry, the question presented is whether the provision that "the premises" so conveyed should "revert back" to the original grantors carried with it the undivided one-third interest in said premises which had originally been held by Lucinda. The arguments present for our consideration a very exhaustive research into the questions of law pertaining to the Rule in Shelley's Case, the statute *de donis conditionalibus*, springing uses, estates tail, conditional fees, contingent remainders, life estates, cross-remainders, estates upon condition, and other subjects of the law of real property. We do not deem it necessary to enter into a discussion of these several questions for the purpose of determining this case. The problem for our solution is the proper construction of the terms

of this written instrument. It is strongly argued that the purpose of the grantors was to provide for a descent of all the property down the line of the grantees Runyon, in the event that there were heirs of the said marriage who could inherit, and that it was the purpose and intent of all the parties that, in the event that there were no heirs of the Runyon marriage to inherit, then a life estate only should exist in the Runyons, and at its termination a new line of descent should be created in the heirs of the grantors, Nicholas and Nancy, and that the property should, in such event, pass to this new line of descent.

We had a somewhat similar situation in the case of *Lewis v. Lewis*, 114 Iowa 399. In that case, as appears from an examination of the original records in this court, H. O. Lewis and Mary J. Lewis were joint owners of the real estate in question. H. O. Lewis executed a conveyance of the entire premises, creating a life estate in his cotenant, Mary J. Lewis, and providing that, at the expiration of the life estate, the said premises should "revert to the grantor, his heirs and assigns." It was contended that, by the acceptance of said deed and possession thereunder, the grantee was bound by all of its terms, and that, as by the terms of the deed it was provided that the "said lot and premises" should revert, the entire premises, and not merely the interest of the grantor, therein should revert. The same contention was made as in the instant case: that the trial court should have decreed a life estate in the grantee, with remainder in fee of the *entire* estate to the grantor, upon the death of the grantee. We said:

"The clause in the instrument upon which this contention is based provides that 'said lot and premises shall revert to the grantor upon the conditions therein named.' It would require a perverted use of the word 'revert' to sustain the plaintiff's position. At the time of the conveyance of the life estate to the defendant, H. O. Lewis only held, and hence could only convey, such estate in his undivided interest in the property. What, then, was to revert to him? Surely not something which he had not parted with, because no other meaning can be given the word 'revert' than to turn back that which has been received. The defendant was offered a life estate in his interest in the property. By accepting it with the condition that the 'lot and premises' revert to the grantor, she did not covenant that he should have

her original interest in the property, as well as that which could alone revert to him by reason of his ownership. To hold otherwise would require us to say that both parties gave the language used a foreign meaning, and this we cannot do. The plaintiff owns a one-half interest in the premises in question, and nothing more, and this interest is subject to the defendant's life estate therein upon the other conditions named in the grant.''

In the *Lewis* case, the deed did not attempt to convey merely a life estate in the undivided one-half interest in the premises held by the grantor, but, as in the case at bar, purported to convey the *entire* premises. Also, there was the same provision that *the premises* so conveyed should ''revert'' back to the grantor. We are not disposed to overrule the *Lewis* case, nor to construe the instrument in the instant case differently from the construction placed upon the instrument in the *Lewis* case. The deed in question gave the grantees, the Runyons, a life estate in the premises conveyed to them by Nicholas and Nancy, which was an undivided two-thirds interest in the premises. Lucinda owned the remaining one third in fee. The Runyons never acquired any greater estate than a life estate in the said undivided two-thirds interest. Upon the determination of the life estate, the undivided two-thirds interest reverted and revested in the heirs of Nicholas and Nancy. The undivided one-third interest in the premises in question was at all times vested in Lucinda Runyon, and passed to her surviving spouse and heirs, under the laws of descent. The deed of 1878, as we construe it, did not constitute a contract or a conveyance of the said undivided one-third interest so vested in Lucinda to Nicholas and Nancy or their heirs, nor create an interest therein. The shares of the several parties in and to all of said real estate, as fixed and determined by the trial court, were predicated upon the determination that the said one third which was originally vested in Lucinda did not ''revert'' or become vested in the heirs of Nicholas and Nancy upon the death of the life tenant, John Wesley Runyon. This being the determinative point in the case, other matters argued do not need our consideration. We reach the conclusion that the decree of the trial court was correct, and it must be, and is in all respects,—*Affirmed.*

Stevens, C. J., and Evans, Kindig, and Wagner, JJ., concur.