In re Appeal of Ernest Delashmutt (and two other cases).

No. 46537.

September 19, 1944.

John M. Rankin, Attorney General, and Jens Grothe, Special Assistant Attorney General, for appellant.

Prichard & Prichard and John D. Beardsley, of Onawa, for appellees.

Miller, J.— The facts herein were stipulated. Essentially they are as follows: E. N. Delashmutt died testate April 4, 1934, owning three farms in Monona county. The will gave the surviving widow a life estate with a vested remainder in testator's ten children. During 1942 three of testator's sons occupied the three farms. Each son occupied a separate farm under a separate oral agreement with the widow, each of which provided for an annual rental. The board of supervisors allowed each son a homestead tax credit for his respective farm. On July 24, 1943, the State Tax Commission notified the county auditor that these three tax credits had been set aside by it. Similar notice was given the taxpayers on the same day. Each taxpayer served a timely notice of appeal on the county auditor. No notice of appeal was served upon the State Tax Commission. The Tax Commission filed a special appearance in each case in the district court, contending that service of a notice of appeal on the Tax Commission was indispensable to the court's jurisdiction. The court overruled the special appearances. The Tax Commission then filed answers, the cases were submitted on the facts as stipulated, and decrees were entered reversing the Tax Commission, holding that each of the three taxpayers was entitled to the homestead tax credit previously allowed him by the board of supervisors. The trial court gave the Tax Commission a certificate authorizing it to appeal each case. Appeals were promptly perfected to this court. By order of the chief justice the three appeals have been consolidated for submission and decision in this court.

I. The first assignment of error challenges the overruling of the special appearances. This contention presents a question of the interpretation of section 6943.148, Code, 1939, as amended by chapter 209, Acts of the Fiftieth General Assembly.

The first paragraph of said section provides that any person whose claim for a homestead tax credit has been denied by the board of supervisors may appeal to the district court "by giving written notice of such appeal to the county auditor of said county within twenty days from the date of mailing of notice of such action by the board of supervisors." The second paragraph of this section provided that, if a claim were allowed, the owner "or the state tax commission" might appeal from the

allowance of the claim "by giving written notice of such appeal to the county auditor of said county and such notice to the owner of said claimed homestead as a judge of the district court shall direct."

By chapter 209, Acts of the Fiftieth General Assembly, the words "or the state tax commission" were stricken from the second paragraph of said section and a new third paragraph was inserted. It provides that the Tax Commission may set aside any allowance of a homestead tax credit, within one year after receipt of certification of such allowance, if it finds, after investigation, that it is not justified by the law or the facts. Notice thereof must be given to the county auditor and to the claimant. The claimant "may appeal from the action of the state tax commission in the same manner, and in the same time, as provided by paragraph one (1) of this section."

There is no express requirement that any notice of appeal be served on the Tax Commission. The only notice specified by paragraph one of the section is that to the county auditor. Such a notice was given herein. If the legislature intended that any other notice of appeal should be required it should have said so. We are unwilling to require one by implication herein.

The Commission contends that service of notice on it is indispensable to due process of law. It concedes, however, that it is not such a person as could raise the question. See Lincoln Twp. Sch. Dist. v. Redfield Cons. Sch. Dist., 226 Iowa 298, 283 N. W. 881, and cases cited. The assertion is therefore made by way of persuasion. But we see no force to the argument. Parenthetically, the Commission was notified in this case. The special appearances were properly overruled.

▇▇ II. The other assignment of error challenges the court's holding that the remaindermen herein are "owners" of the farms they occupy within the contemplation of section 6943.152 (2), Code, 1939. Said statute provides as follows:

"2. The word, 'owner', shall mean the person who holds the fee simple title to the homestead, and in addition shall mean the person occupying as a surviving spouse * * * or *the person occupying the homestead under devise* or by operation of the inheritance laws *where the whole interest passes or where the*

*divided interest is shared only by blood relatives, or by legally adopted children,* or where the person is occupying the homestead under a deed which conveys a divided interest where the other interests are owned by blood relatives or by legally adopted children.'' (Italics supplied.)

There is no question but that the various interests in the legal title to the farms in question are shared only by blood relatives. Accordingly, the decision herein turns on the narrow question whether the three claimants, as owners of undivided interests in the remainder after their mother's life estate, occupy their homesteads under the devise in their father's will. The question is one that this court has not previously passed upon. Our only decisions construing this statute are Ahrweiler v. Board of Supervisors, 226 Iowa 229, 283 N. W. 889, and Eysink v. Board of Supervisors, 229 Iowa 1240, 296 N. W. 376. Neither case is in point or in any way controlling here.

In the Ahrweiler case, the property was conceded to be a homestead and entitled to the tax credit for the year 1937. The issue was whether it was also entitled to credit against the 1936 tax, irrespective of the homestead character in 1936. We have no such question here. In the Eysink case, the board conceded that the claimant was plainly within the statutory definition of owner of a homestead when he showed that he occupied it under a deed which conveyed to him an undivided one-half interest with the remaining interest owned by blood relatives. The issue was whether the credit should be limited to the amount which he was under legal liability to pay. The precise issue before us herein was therefore conceded by the board in that case.

The basis for such concession in the Eysink case undoubtedly was the fact that the legal title was held by tenants in common. Undoubtedly the legislature contemplated that such would be the state of the title in most of the cases falling within the contemplation of that part of section 6943.152 (2) which is involved herein. Such is the usual situation where the title is shared by two or more persons. Section 10054, Code, 1939, provides:

''Conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed.''

In In re Estate of Heckmann, 228 Iowa 967, 973, 291 N. W. 465, 468, we state:

"The rule in this state is that estates vested in two or more persons are to be deemed tenancies in common unless a different intent is clearly expressed in creating the estate."

Had there been no will herein and the widow had had merely her dower interest of one third, she and her children would have been tenants in common. Van Veen v. Van Veen, 213 Iowa 323, 236 N. W. 1, 238 N. W. 718.

In a tenancy in common there is unity of the right of possession among the several tenants. In Van Veen v. Van Veen, supra, we state, at pages 333 and 334 of 213 Iowa, page 6 of 236 N. W., as follows:

"Black's Law Dictionary defines a tenancy in common to be where 'tenants in common are * * * such as hold * * * by several and distinct titles, but by unity of possession, because none knows his own severalty, and therefore, they all occupy promiscuously. 2 Bl. Comm. 191.' * * * 3 Bouvier Law Dictionary (Rawle's 3d Rev.) 3254 defines it as 'such as hold by several and distinct titles, but by unity of possession.'

"In a tenancy in common the quality of their estates may be different, the shares may be unequal and the mode of acquiring title may be unlike. The only real unity between them is that of possession."

Accordingly, where the title is held by tenants in common, their unity of possession is such that whoever of them may be occupying the property as his homestead may be logically said to occupy it under the deed or devise or by operation of the inheritance laws, whichever may have created his interest therein. But such is not the case where, as here, one holds an interest in remainder after a life estate, because the life tenant has the exclusive right of possession, in the absence of waste or fraud.

In 33 Am. Jur. 703, section 219, it is stated:

"The principle is well settled that a life tenant who is the holder of a present estate for life in real property is entitled to the possession and use of the property. Thus, it has been held

that a devise of real estate for life, with remainder over, is always to be treated as a specific devise, of which the tenant for life is to have the possession, use, and income during life. During an ordinary life tenancy in realty, the remainderman does not have the right to possession or use.''

In Nelson v. Horsford, 201 Iowa 918, 922, 208 N. W. 341, 343, 45 A. L. R. 515, we state:

''In the absence of any allegation of waste, improvidence, or fraud on the part of the appellee, or that she has used or disposed of the property of the life estate otherwise than as authorized by the will, we are of the opinion that appellant is not entitled to an accounting of her use thereof.''

There is no claim of waste or fraud here. Claimants herein live on their farms solely by virtue of leases from their mother as the life tenant. They do not occupy them under the devise in their father's will. Section 6943.152 (2) does not apply. The trial court erred in holding that it did. The Tax Commission was right in setting aside the homestead tax credits that had been allowed herein. Its action should have been sustained.

Accordingly, the decrees herein must be and they are reversed and the causes are remanded for the entry of decrees in harmony herewith.—Reversed and remanded.

MANTZ, C. J., and SMITH, GARFIELD, HALE, BLISS, and WENNERSTRUM, JJ., concur.

MULRONEY, J., takes no part.