WALTER DETHLEFS, appellee, v. EMMA CARRIER, appellant.

No. 48513.

(Reported in 64 N.W.2d 272)

MAY 4, 1954.

John D. Beardsley, of Onawa, for appellant.

Prichard & Prichard, of Onawa, for appellee.

GARFIELD, J.—Plaintiff has been in possession of a forty-acre tract of farm land since March 1, 1952, under a written lease for one year from Anna Reeder. No notice for termination of his tenancy under sections 562.6, 562.7, Code, 1950, has ever been given by anyone. Plaintiff therefore claims he is entitled to possession for the crop year commencing March 1, 1954.

Anna Reeder died November 25, 1953, and her sister, defendant Emma Carrier, then became sole owner of the tract as hereinafter explained. Defendant contends Anna Reeder had only a life estate in the land, the lease to plaintiff terminated at her death and there was no obligation to give plaintiff notice for termination of his tenancy under sections 562.6, 562.7, Code, 1950.

The cause was submitted upon the pleadings and a short stipulation of facts. The trial court entered declaratory judg-

ment under rules 261 to 269, Rules of Civil Procedure, in accordance with plaintiff's claim. Defendant has appealed.

Code section 562.6, so far as material here, provides: "* * * In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; * * *."

Section 562.7 states the written notice so required shall be given on or before November 1. It is not contended plaintiff is a mere cropper. It seems to be conceded plaintiff's tenancy continued for the crop year commencing March 1, 1953 because neither plaintiff nor Anna Reeder gave the statutory notice for termination of tenancy. As stated, the present controversy is whether the tenancy also continues for the crop year commencing March 1, 1954 because no notice for termination was given.

Defendant's contention that no notice for termination was necessary is largely based on the state of the title to the forty acres. The facts regarding the title should therefore be mentioned. The land is part of an eighty-acre tract which defendant, Emma Carrier, and her sister, Anna Reeder, acquired in 1943, "share and share alike", under the residuary clause of their father's will. The will provided that upon the death of Anna Reeder the real estate "shall revert to my daughter Emma Carrier if then living."

About a month after their father died the two sisters agreed in writing that Anna "shall have for her use and benefit during her lifetime and subject to the will" the forty-acre tract and Emma "shall have for her use and benefit and subject to the will" the other forty acres not here involved. "It is further agreed that in the event of Anna Reeder's death, the use of the property set forth to her shall continue until the end of the calendar year of her death. * * * That this agreement is made only for the convenience of the parties in farming and using the above described land and is not intended as a sale but is made for the desire to carry out amicably the terms of the will." The agreement also states the parties desire not to change, modify or waive any of the terms of the will.

Under the peculiar facts here we are inclined to affirm the trial court's judgment.

The will of their father created in defendant and her sister, Anna Reeder, a tenancy in common of the eighty acres of which the forty-acre tract is part. Section 557.15, Code, 1950, provides, "Conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed." We have applied this statutory rule to devises by will. In re Estate of Heckmann, 228 Iowa 967, 973, 291 N.W. 465, 468; In re Appeal of Delashmutt, 234 Iowa 1255, 1258, 15 N.W.2d 619, 621. See also Westerfelt v. Smith, 202 Iowa 966, 969, 211 N.W. 380; Sleeper v. Killion, 182 Iowa 245, 254, 164 N.W. 241.

In a tenancy in common there is unity of the right of possession between the tenants. In re Appeal of Delashmutt, supra, 234 Iowa 1255, 1259, 15 N.W.2d 619, 622; Van Veen v. Van Veen, 213 Iowa 323, 333, 334, 236 N.W. 1, 6, 238 N.W. 718.

Defendant, Emma Carrier, owned more than a mere remainder interest. From the time her father died she was the absolute owner of an undivided half interest. Although the father's will stated that upon the death of Anna Reeder *the real estate* shall "revert" to defendant if then living, it is clear the only interest passing to defendant at her sister's death was the undivided half defendant had not theretofore owned. Surely the half interest which vested in defendant at her father's death could not "revert" to her at Anna's death. Boley v. Boley, 206 Iowa 1394, 220 N.W. 121; Lewis v. Lewis, 114 Iowa 399, 87 N.W. 280.

Ordinarily a lease of the entire estate by one tenant in common is not binding on other tenants in common who have not authorized or ratified it. Miller v. Gemricher, 191 Iowa 992, 996, 183 N.W. 503; 14 Am. Jur., Cotenancy, section 87; 62 C.J., Tenancy in Common, section 214; note, Ann. Cas. 1913D 1164.

However, where a lease is made by one tenant in common and the lessee takes possession and remains for some time, paying rent, it will be presumed, in the absence of evidence to the contrary, the lease was made with the knowledge and consent of the other tenants in common. Schwartz v. McQuaid, 214 Ill.

357, 361, 73 N.E. 582, 584, 105 Am. St. Rep. 112; Bessho v. General Petroleum Corp., 186 Cal. 133, 141, 199 P. 22, 25; Jewel Tea Co. v. Eagle Realty Co., D. C. Neb., 70 F. Supp. 918, 925; note, Ann. Cas. 1913D 1164, 1165; 14 Am. Jur., Cotenancy, section 87, page 154, note 15.

There is no showing Anna Reeder was not duly authorized to lease the forty-acre tract to plaintiff who was in possession for two years and paid his rent. On the contrary, by the agreement the sisters made in 1943 Anna was at least impliedly authorized to lease the entire estate in the forty acres as long as she lived. Defendant evidently acquiesced in Anna's leasing the tract. Plaintiff had just as much right to occupy the entire tract for the crop years commencing March 1, 1952, and March 1, 1953, as he would have had if both sisters had signed the original lease with him. We think under the facts here defendant, as well as her sister, was bound by that lease.

It could hardly be argued that if defendant had signed the lease to plaintiff he would not be entitled to possession for the crop year commencing March 1, 1954, upon the same terms as the original lease for the year commencing March 1, 1952. See in this connection Hull v. Prather, 161 Kan. 264, 167 P.2d 600. We believe defendant is in no better position than she would have been if she had signed plaintiff's lease.

The validity of Code sections 562.6, 562.7 is not questioned. We have upheld them against a previous claim of unconstitutionality. Benschoter v. Hakes, 232 Iowa 1354, 1361–1364, 8 N.W.2d 481, 485–487. Presumably these statutes were enacted for the benefit of the tenant. Smith v. Coutant, 232 Iowa 887, 895, 6 N.W.2d 421, 426. They aimed at security of tenure. Benschoter v. Hakes, supra, at page 1364 of 232 Iowa, page 487 of 8 N.W.2d. It is our duty to construe the statutes liberally. Code section 4.2.

The judgment is—Affirmed.

All JUSTICES concur except HAYS, J., who dissents.