WILLIAM POLLOCK, appellee, v. JAMES POLLOCK, appellant.

No. 48781.

(Reported in 72 N.W.2d 483)

OCTOBER 18, 1955.

Hoersch & Harbeck, of Davenport, for appellant.

Wells & Brubaker, of Davenport, for appellee.

GARFIELD, J.—This appeal presents the question whether failure to give notice of termination of farm tenancy under section 562.6, Code, 1954, in effect continues the tenancy from year to year until such notice is given. Or does the tenancy automatically terminate without notice at the end of one crop year following that in which such failure to give notice first

occurs? Stated differently the question for decision is whether a holdover farm tenancy, upon the same terms and conditions as the original lease, is such a tenancy as must be terminated by notice under section 562.6.

Plaintiff-landlord brought this action to recover rent for 86 acres of farm land for the year March 1, 1953, to March 1, 1954. His petition alleges the making of a written lease for the year March 1, 1951, to March 1, 1952, no notice of termination of tenancy was ever given by or to either party to the lease and by operation of chapter 562, Codes 1950, 1954, the lease was therefore automatically renewed from year to year.

Defendant-tenant's answer admits the making of the written lease but alleges in effect that failure to give notice of termination of tenancy continued the lease only for the following crop year and consequently no lease existed for the year for which rent is claimed.

Pursuant to plaintiff's motion under rule 105, Rules of Civil Procedure, the trial court in effect held failure to give notice of termination of tenancy as provided by sections 562.6, 562.7, Code, 1954, automatically renewed the lease for the following crop year and subsequent years until notice of termination is given. We granted defendant an appeal under rule 332 from such interlocutory order.

Code section 562.6, so far as here material, provides: "In the case of farm tenants * * * the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following; * * *."

Section 562.7 states the written notice so required shall be given on or before November 1.

During the twenty years since the above statute was enacted it has been before us in about twenty cases and it is mentioned incidentally in at least three others. The question presented by this appeal, however, seems never to have been squarely decided by us. Most of our decisions under this statute involve the tenant's right of occupancy for the first year following the term of a written or oral lease—i.e., the first year following that in which no notice of termination was given and not, as here, the

second following year. In most of the controversies that arise under this statutory provision it is the tenant, not—as here—the landlord, who contends for continuance of the tenancy during the year in question.

It should not be assumed from anything said herein that defendant was entitled to occupy plaintiff's land without paying for its use. A second count to plaintiff's petition seeks recovery for the reasonable value of the use of the land. That count is not before us. We are now concerned only with the correctness of the trial court's determination of the law point involving the construction of section 562.6, from which ruling an appeal has heretofore been granted.

The history and purpose of the above statutory provision are discussed at some length in Benschoter v. Hakes, 232 Iowa 1354, 1360, 8 N.W.2d 481, 485. We there point out the statute was obviously enacted by the Forty-eighth General Assembly pursuant to a committee recommendation called to its attention in the governor's message to the legislature. The recommendation was: " '6. Legislation should be enacted to provide for: (a) the automatic continuation from year to year of all agricultural leases until notice for termination is served by either party not later than six months before the expiration date of the lease, * * *.' "

The legislature fixed the time for the notice as not later than November 1. In most instances that is four months, rather than six, before expiration of the tenancy. Benschoter v. Hakes, supra, also points out (at page 1364 of 232 Iowa, page 487 of 8 N.W.2d): "The legislature evidently felt that unstable tenure leads to soil exploitation and waste. The amendment aims at security of tenure * * *." See also Dethlefs v. Carrier, 245 Iowa 786, 790, 64 N.W.2d 272, 275.

Presumably what is now section 562.6 was enacted for the benefit of the tenant (Smith v. Coutant, 232 Iowa 887, 895, 6 N.W.2d 421, 426; Dethlefs v. Carrier, supra, 245 Iowa 786, 790, 64 N.W.2d 272, 275) and possibly for the benefit of the landlord (Smith v. Coutant, supra). It is our duty to construe the statute liberally. Dethlefs v. Carrier, supra.

In a sense it may be true that under the statute failure to

give notice of termination of a farm tenancy continues it only for the following crop year. As applied to this case failure to give notice of termination of tenancy on or before November 1, 1951, strictly speaking, continued it only for the following crop year, from March 1, 1952, to March 1, 1953, upon the same terms and conditions as the original lease.

However under a construction of the statute to which it is fairly susceptible we think it was the duty of either party who desired to terminate the tenancy on March 1, 1953, to give notice thereof on or before November 1, 1952. Failure to give such notice resulted in a continuation of the tenancy for the year now in question, from March 1, 1953, to March 1, 1954. Thus failure to give notice of termination on or before November 1, 1951, continued the tenancy until March 1, 1953, and failure to give such notice on or before November 1, 1952, continued it until March 1, 1954.

Clearly defendant was a farm tenant during the crop year March 1, 1952, to March 1, 1953, no less than during the preceding year. If he was such tenant during the second year of his occupancy there was a tenancy for that year. We think it was such a tenancy as continued for another year—the third of his occupancy—upon failure to give notice of termination of that tenancy not later than November 1 of the second year.

We believe this is the interpretation that has generally been given the statute by attorneys and farm landlords and tenants alike. Under this construction the statute more effectively makes for security of tenure than it would under the construction for which defendant contends. We think the statute was intended to and does benefit all farm tenants, those holding over and those not holding over. There seems to be as much reason for requiring notice of termination of tenancy to or by a tenant holding over under the terms and conditions of the original lease as to or by a tenant under an original lease. Further, this is the construction we have heretofore placed upon the statute although we may not have been directly faced with the exact question now presented.

Dethlefs v. Carrier, supra, 245 Iowa 786, 790, 64 N.W.2d 272, 275, involves a tenant's right of occupancy for the second year following the original tenancy. At least indirectly that is

the question now before us. In the cited case there was a written lease for the crop year commencing March 1, 1952. No notice of termination of tenancy was ever given. We held the tenant's right of occupancy continued for the second year following the original tenancy, the third year of occupancy, commencing March 1, 1954. The tenant was plaintiff, the owner was defendant. This from the opinion supports the trial court's ruling here: "It could hardly be argued that if defendant had signed the lease to plaintiff he would not be entitled to possession for the crop year commencing March 1, 1954, upon the same terms as the original lease for the year commencing March 1, 1952."

In Leise v. Schiebel, 246 Iowa 64, 67 N.W.2d 25, a tenant's right of occupancy for the farm year commencing March 1, 1954, was in dispute. The original tenancy was under an oral lease entered into in December 1949, apparently for only one year. Had it been for a longer term of course it would have been within the statute of frauds, Code section 622.32. So far as the opinion discloses there was no other lease but the tenancy continued by operation of law as so many farm tenancies do. Plaintiff-owner contended defendant had orally agreed to a termination and was estopped from asserting plaintiff's lack of strict compliance with Code section 562.6. We held against this contention under the evidence and that no valid notice of termination of the tenancy was given. The tenant's right of occupancy for the crop year commencing March 1, 1954, was upheld.

Our opinion in Leise v. Schiebel, supra, proceeds upon the assumption plaintiff was required to give notice of termination of tenancy not later than November 1, 1953, and holds that upon his failure so to do, there being no estoppel against defendant and no oral agreement to terminate, the tenancy continued for the year in controversy commencing March 1, 1954. If the contention of defendant in the case at bar were accepted the holdover tenancy in Leise v. Schiebel would have terminated automatically without notice. Our opinion indicates however that holdover farm tenancies as well as those under an original lease are to be terminated by notice under section 562.6.

This from Leise v. Schiebel at page 70 of 246 Iowa, page 28 of 67 N.W.2d, is pertinent here: "The legislature has pro-

vided a method by which to terminate farm tenancies. It is available to either landlord or tenant. It is peculiarly well-suited to meet a situation such as existed here and to permit a landlord to terminate a tenancy in such way as to leave no uncertainty between the parties at a time calculated to cause a minimum of injury to the tenant who must find a new landlord and negotiate a new contract."

It is our view that a farm tenant holding over upon the same terms and conditions as the original lease is entitled under Code section 562.6 to notice of termination of the tenancy. This is the effect of the trial court's ruling. Of course a farm tenant may terminate the tenancy under the statute by giving notice to the landlord. The tenant could have done so here.

The ruling appealed from is—Affirmed.

All JUSTICES concur.