Lonny L. GANZER, Appellant,

v.

Clifford PFAB, Appellee.

No. 84–30.

Supreme Court of Iowa.

Jan. 16, 1985.

Rehearing Denied Feb. 18, 1985.

Corliss C. Baty, Maquoketa, for appellant.

Joseph P. Zwack, Dubuque, for appellee.

McGIVERIN, Justice.

This appeal requires us to determine the rights of a farm tenant whose landlord, a contract vendee of the leased premises, has had his interest therein forfeited by the vendor. The trial court ruled that notwithstanding the forfeiture of the landlord's interest, the tenant, as against the vendor, was entitled to possession of the leased premises for the March 1, 1983-February 29, 1984, crop year, because the tenant had not been served with written notice of termination of the farm tenancy on or before September 1, 1982. *See* Iowa Code §§ 562.-5-.7 (1983). We agree and affirm the trial court's ruling.

I. *Background facts and proceedings.* In February 1980, plaintiff Lonny L. Ganzer sold a tract of farm land in Jackson County to Duane R. and LaVonne M. Hueneke by real estate contract. The Huenekes subsequently entered into a crop share farm tenancy lease with defendant Clifford Pfab for the March 1, 1982-February 28, 1983, crop year. Between September 1, 1982, and March 1, 1983, the Huenekes and defendant contracted for participation in the United States Department of Agriculture Payment in Kind (PIK) farm program for the March 1, 1983-February 29, 1984, crop year. Federal payments were to be made to farmers and owners, such as defendant and Huenekes, who agreed to withhold land from crop production. Under the PIK agreement, the Huenekes were to receive one-half the PIK payments for the leased farm land, and defendant was to receive the other one-half.

On March 8, 1983, plaintiff, pursuant to Iowa Code chapter 656, served written notice of forfeiture of real estate contract on the Huenekes for defaults on the part of the Huenekes. Defendant, as the party in possession, was served with a similar notice on March 24, 1983. Iowa Code § 656.2. Plaintiff filed affidavits with the county recorder in support of forfeiture on April 11 and April 27, 1983. Iowa Code § 656.5. However, no written notice of termination of farm tenancy was served on defendant by anyone prior to September 1, 1982. *See* Iowa Code §§ 562.6, .7.

Shortly after completion of the forfeiture proceedings, plaintiff brought this declaratory judgment action, contending that he was, as of April 27, 1983, entitled to exclusive possession of the land leased to defendant by the Huenekes, and to all the PIK payments that were to be made with respect to the land for the March 1, 1983-February 29, 1984 crop year. Defendant answered and resisted, maintaining that because no written notice of termination of farm tenancy was served on him on or before September 1, 1982, Iowa Code section 562.6 effected a continuation of his lease with the Huenekes for the March 1, 1983-February 29, 1984, crop year. Defendant contended that he was, therefore, entitled to possession of the leased land for that period, notwithstanding the forfeiture of the Huenekes' interest, and that he was also entitled, as the tenant in possession, to one-half the PIK payments for that period. Defendant concedes that the Huenekes' right to one-half of the PIK payments is now owned by plaintiff.

The parties agree that the issue to be decided is who was entitled to possession of the land for the March 1, 1983-February 29, 1984, crop year. They agree that if defendant was entitled to possession, he shall receive one-half the PIK payments in question, the other half going to plaintiff. They also agree that if plaintiff was entitled to possession, he shall receive all of the PIK payments.

The case was submitted to the trial court on a stipulation of facts. No other evidence was taken. The court ruled that defendant was entitled to possession of the land for the March 1, 1983-February 29, 1984, crop year. This appeal by plaintiff followed.

II. *Right to possession of the farm land.* To preserve his tenancy for the March 1, 1983-February 29, 1984, crop year, defendant relies on Iowa Code sections 562.6 and .7. Section 562.6 provides in relevant part:

In the case of farm tenants, except mere croppers, occupying and cultivating an acreage of forty acres or more, the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other, whereupon the tenancy shall terminate March 1 following ....

Section 562.7 provides that the written notice required by section 562.6 must be served on or before September 1. It is undisputed that no such notice was served upon defendant on or before September 1, 1982. Defendant therefore contends that section 562.6 operated to extend his tenancy through the following crop year of March 1, 1983-February 29, 1984.

In opposition, plaintiff maintains that at common law the tenant of a contract vendee has no rights that rise higher than those of the vendee, and that the tenant's rights are cut off once the vendee's interest is properly forfeited. This does appear to be the rule at common law as to tenancies in general. *See* Madsen, *Marshall's Iowa Title Opinions and Standards* (2d ed. 1978) at 461-62. *Cf. Parris-West Maytag Corporation v. Continental Amusement Corporation*, 168 N.W.2d 735, 739 (Iowa 1969) (when lease is forfeited because of breach by lessee, landlord is entitled to possession as against sublessee); 51C C.J.S. Landlord & Tenant § 93(5) (1968) (sale of leased premises pursuant to mortgage foreclosure extinguishes any lease junior to mortgage).

However, the common law rule, and the authorities cited above in support of it,

treat tenancies generally and do not treat farm tenancies separately from others. In contrast, the Iowa legislature has seen fit to enact special provisions in chapter 562 of the Iowa Code regarding the termination of farm tenancies. Some of these provisions are clearly designed to supersede the common law.

As an example, we note that at common law the termination of a landlord's life estate ordinarily extinguishes the rights of a tenant who took under that landlord. *See* 51C C.J.S. *Landlord & Tenant* § 93(1) (1968). However, Iowa Code section 562.8 specifically provides that a farm tenancy does not end upon termination of a landlord's life estate, but continues until at least the following March 1 and, if the termination of the life estate occurred between September 1 and March 1, will continue for the next crop year.

Section 562.6, upon which defendant relies, has been held by this court as similarly ameliorating the provisions of the common law with regard to farm tenants. In *Read v. Estate of Mincks*, 176 N.W.2d 192, 193–94 (1970), we considered the effect of section 562.6 where the farm tenant had died a few weeks after the statutory date for notice of termination of tenancy had passed without his landlord's having given such notice. The landlord contended that sections 562.6 and 562.7 did not apply and that upon his tenant's death he was entitled to possession of the land notwithstanding his failure to give notice, because at common law the crop share farm lease that he had with his tenant was deemed personal between the landlord and tenant and did not survive the tenant's death. We agreed that such was the common-law rule, but nonetheless held it inapplicable in view of the language of sections 562.6 and 562.7, which we deemed controlling, and the public policy expressed therein in favor of the security of farm tenancies. We said that by adhering to the common-law rule that would deprive the tenant of the protection accorded him by section 562.6, the trial court had "impermissibly read into Code section 562.6 ... an exception, proviso, con-

dition, or meaning that was not there." *Read,* 176 N.W.2d at 194.

In commenting on the statutes involved here we have also said:

> The validity of Code sections 562.6 [and] 562.7 is not questioned. We have upheld them against a previous claim of unconstitutionality. [Citation.] Presumably these statutes were enacted for the benefit of the tenant. [Citation.] They are aimed at security of tenure. [Citation.] It is our duty to construe the statutes liberally. Code section 4.2.

*Dethlefs v. Carrier,* 245 Iowa 786, 790, 64 N.W.2d 272, 275 (1954).

■ We conclude that this case is another in which a common-law rule must yield to the legislative provision for security of farm tenancies. The trial court's ruling is consistent with both the language and the spirit of section 562.6, and our decisions thereunder. The broad protection the statute provides for farm tenants should not, absent a clear statement of legislative intent, be subjected to a judicial exception in cases where the landlord's rights in the premises are cut off by a forfeiture occurring after the statutory notice date for termination of farm tenancies. Otherwise, a farm tenant could be expelled by the vendor from possession in mid-crop year without effective or equitable recourse.

■ We believe that this outcome of the case is consistent with the legislative purpose and works no great hardship on the plaintiff vendor. He is not saddled with an extensive lease entered into by the vendee with the tenant, because section 562.6 operates only to extend the tenancy upon the same terms and conditions as the original lease through the next crop year. After that time plaintiff may terminate defendant's tenancy, although if no notice of termination was given on or before the preceding September 1, section 562.6 will again operate to extend the tenancy. *See Pollock v. Pollock,* 247 Iowa 20, 25, 72 N.W.2d 483, 486–87 (1955). The vendor will be entitled to all rent payments that become due after the date of the real estate contract forfeiture. *See Johnson v.*

*Siedel,* 178 Iowa 244, 247–48, 159 N.W. 677, 678 (1916).

Under the view we take of this case, we need not address the other contentions of the parties. We find no error in the judgment rendered by the trial court.

AFFIRMED.

All Justices concur except CARTER, McCORMICK, SCHULTZ and WOLLE, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent. Wherever the issue of entitlement to PIK farm program payments would otherwise lead the court, the parties have elected to present that issue solely within the constructs of established real property law. It is stipulated by the parties that defendant's right of possession following the forfeiture of the interest of the contract vendees (Huenekes) from whom he leased the farm is determinative of his right to receive the PIK payments. Based on that stipulation, plaintiff is clearly entitled to prevail under established real property law.

There is no claim that the facts did not entitle plaintiff to forfeit the interest of the Huenekes in the property as a result of their default under the contract. Nor is there any dispute that plaintiff took all steps required to effect a valid forfeiture, including serving a copy of the notice of default on defendant who, as Huenekes' tenant, was the party in possession. It is well established that if a forfeiture is perfected against a contract vendee in accordance with the statutory requirements "then all interests in the real estate junior to the interests of the vendor are forfeited and cancelled." Madsen, *Marshall's Iowa Title Opinions and Standards,* at 456 (2d ed. 1978).

The cited treatise specifically discusses the rights of a lessee of the contract vendee following forfeiture of the vendee's interest. The author states with respect to this situation:

In the question presented ... the vendor sold the property to a vendee and the vendee later executed leases on the property. ... It is only necessary strictly to comply with the service of notice in the manner and upon the persons named in the chapter [656]—i.e. "on the vendee or his successor in interest ... and on the party in possession of said real estate." Junior lienors, *tenants*, judgment creditors, etc., have no rights that rise above the rights of the vendee, and if ... properly served, their rights are cut off by the forfeiture.

*Id.* at 461–62 (emphasis added). The foregoing commentary finds support in our decisions in the following cases. *Nolan v. Wick,* 218 Iowa 660, 254 N.W. 80 (1934) (mechanic's lien for improvements made upon request of vendee does not survive forfeiture of contract even where vendor had knowledge of improvements and did not object); *O'Bryon v. Weatherly,* 201 Iowa 190, 206 N.W. 828 (1926) (chattel mortgage on improvements erected by vendee does not survive forfeiture); *Sullivan v. Sullivan,* 139 Iowa 679, 117 N.W. 1086 (1908) (vendee's spouse entitled to dower interest in vendee's estate but such dower interest does not survive forfeiture). It also appears from our cases that upon completion of a valid forfeiture the vendor becomes entitled to immediate possession as against the vendee and those parties claiming under the vendee. *Cassiday v. Adamson,* 208 Iowa 417, 224 N.W. 508 (1929); *O'Bryon,* 201 Iowa at 195, 206 N.W. at 830–31.

The effects of the vendor's paramount title with respect to lessees of the vendee is discussed in 49 Am.Jur.2d *Landlord and Tenant* § 12, at 56 (1970):

[A] lessor cannot create any greater interest in the lessee than he himself has; a lessee, unless protected by some special statute or equity, take subject to all claims of title which were enforceable against his lessor.

This concept is recognized and discussed as "eviction by paramount title" in Restatement (Second) Property § 4.3 (1977). It is the Restatement position that the tenant's remedy in such situations is to seek recov-

ery from the vendee for breach of covenant of quiet enjoyment. *Id.*

The district court and the majority of this court have sought to carve out an exception to the established rule in the case of farm tenancies. The principle upon which the rule is based, leaves no room for such an exception. The rule is based upon the premise that persons claiming under a contract vendee can have no greater rights than the party with whom they are dealing. While the majority suggests that there is a recognized public policy favoring farm tenants in lease termination situations, this is not a lease termination case. This is a forfeiture case involving the rights of one not a party to the lease, whose title is paramount to that of both the landlord and the tenant.

There is nothing in either the subject matter or the wording of Iowa Code sections 562.5–.7 (1983) which supports the distinction which the majority seeks to draw. The statute deals with procedural matters concerning the sufficiency of notice. The issue in the present case involves an area of substantive law affecting the vendor's paramount title. The statutes merely operate to continue a farm tenancy "upon the same terms and conditions" between the parties to the lease unless a statutorily prescribed notice of termination is served on the tenant. Those statutes in no way purport to affect the rights of the parties to the lease as against third persons.

The only significance in the fact that no chapter 562 notice of termination was served on defendant in the present case is that this circumstance means his tenancy with the Huenekes was valid and subsisting when the plaintiff's forfeiture of Huenekes' interest was completed. The viability of defendant's lease with Huenekes is not determinative of his right to possession against the plaintiff. The established rule that interests derived through the vendee are extinguished upon forfeiture of the vendee's interest and the vendor is entitled to immediate possession necessarily assumes that those interests are valid against

the vendee. There would be no occasion to apply such a rule if the interests derived from the vendee are otherwise ineffectual.

As in most instances involving the acquisition of an interest in real estate, the protection of farm tenants in situations such as the present case must lie in the recording acts and the opportunity to discover the extent of the interest of the person with whom they are dealing. I would reverse the judgment of the district court and hold that under the stipulation of the parties plaintiff is entitled to the PIK proceeds.

McCORMICK, SCHULTZ and WOLLE, JJ., join this dissent.